MYRPH JOHNSON ET AL V. STATE

No. 33,266.   May 3, 1961

*Irwin & Irwin,* Dallas, for appellants.

*Henry Wade,* Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

ON MOTION FOR REHEARING

MORRISON, Judge.

The prior order reversing and remanding this cause is withdrawn.

We find the judgment of forfeiture to be excessive in the sum of $500.00; and, accordingly, if appellee files a remittitur in that amount within 20 days, the judgment will be reformed and affirmed; otherwise, the cause will be reversed and remanded.

## ON MOTION FOR REHEARING

WOODLEY, Presiding Judge, dissenting.

I do not agree that the trial court's failure to adjudicate and determine whether any remission should be made, under the provisions of Art. 439 C.C.P., authorizes this court to effect a remission of a part of the amount of the judgment appealed from. Reference is made to my dissent in Ricard et al v. State, No. 33,297, this day decided.

## ON STATE'S SECOND MOTION FOR REHEARING

WOODLEY, Presiding Judge.

As pointed out in the motion, no ground exists for finding the judgment against appellant Myrph Johnson, principal in the bond forfeited, excessive. As to this appellant the State's second motion for rehearing is granted and the judgment is affirmed.

The majority remain convinced that the judgment against the sureties is excessive in the sum of $500. The writer's views are shown in his dissent on the State's first motion for rehearing.

Subject to its second motion for rehearing, remittitur has been filed as required in the majority opinion on the State's first motion.

The judgment as to the appellants who are sureties upon the forfeited bail bond is reformed so as to provide for the recovery against them of the sum of $250 and all costs and *as so reformed,* the judgment is *affirmed.*

The appellant Myrph Johnson, as well as the sureties on his appeal bond, having appealed and having superseded the judgment against them, it is ordered that judgment be entered also against the sureties on the joint supersedeas bond.

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

Appellants insist that the final judgment of forfeiture entered against them should be reversed because, at the time of the hearing, the principal Myrph Johnson was confined in jail and was not given an opportunity to appear in court and show cause why he failed to appear when his appearance bond was forfeited.

While the record reflects that at the time of the hearing, the Principal Myrph Johnson was confined in jail, it further shows that he was brought into court and testified at the hearing.

No answer was filed by the principal, Myrph Johnson, in the bond forfeiture proceedings and no request was made by him or in his behalf that he be present at the hearing.

Art. 426, V.A.C.C.P., which provides for the issuance of citation to the sureties in a bond forfeiture proceeding also provides: "* * * It shall not be necessary to give notice to the defendant."

A judgment may be rendered against all parties without service of citation on the principal. Vaughan vs. State, 29 Texas 273.

Under the record, we find no reason to set aside our opinion affirming the judgment rendered against the principal Myrph Johnson for the full amount of the bond in the sum of $750 and all costs.

The Motion for Rehearing is overruled.

Opinion approved by the Court.