**GRAMERCY INSURANCE CO.**
d/b/a Bexar County Bail
Bonds, Appellant,

v.

**STATE of Texas, Appellee.**

No. 04–91–00536–CV.

Court of Appeals of Texas,
San Antonio.

May 6, 1992.

Rehearing Denied July 6, 1992.

Barry P. Hitchings, Hitchings, Pollock & Bernard, San Antonio, for appellant.

Steven C. Hilbig, Criminal Dist. Atty., Becky Rainey, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before CHAPA, BIERY and GARCIA, JJ.

BIERY, Justice.

Gramercy Insurance Co. D/B/A Bexar County Bail Bonds, appellant, sought a remittitur from a bail bond forfeiture final judgment in the amount of $10,000. Not-withstanding the state's election not to pursue a $10,000 judgment on a separate and distinct $10,000 personal recognizance bond signed by the same defendant arising out of the same criminal charge, the remittitur request related to the surety bond was denied. For the reasons stated below, we modify the trial court action and, as modified, affirm the judgment.

A chronology of events is helpful:

April 17, 1989

Appellant (Bexar County Bail Bonds) executed a bail bond in the amount of $10,000 to secure the pre-trial release from jail of the principal, Rudolfo Lira Gonzales.

October 25, 1989

Because of Gonzales' failure to appear, the trial court signed a judgment nisi.

November 28, 1989

Gonzales was arrested again and placed in the Bexar County jail.

December 1, 1989

Notwithstanding Gonzales' failure to appear pursuant to the terms of the surety bond, he was granted a $10,000 personal recognizance bond, again securing his release from jail.

January 16, 1990

Gonzales once again failed to appear and the personal recognizance bond was also forfeited.

June 27, 1990

The surety company learned that Gonzales was incarcerated at the Federal Correctional Institution at Bastrop, Texas.

July 1990

An employee of the appellant bail bond company determined that Gonzales had been incarcerated in the Nueces County jail since February 1990. Bexar County authorities did not have this information until it was provided to them by appellant's employee.

July 20, 1990

Final judgment in the amount of $10,-000 was granted against the appellant bail bond company.

January 16, 1991

For the first time, Bexar County placed a detainer on Gonzales with the United States Marshall's Office.

April 18, 1991

Gonzales was transferred to the Bexar County jail for disposition of his Bexar County indictment. He was convicted and sentenced to five years imprisonment in the Texas Department of Corrections.

June 14, 1991

A hearing was conducted concerning the appellant surety company's petition for a bill of review and special bill of review and a hearing was conducted on the amended judgment nisi forfeiting Gonzales' personal recognizance bond. Notwithstanding the disposition and conviction on Gonzales' criminal case and notwithstanding the state's insistence that the bail bond company pay $10,000 on the forfeiture of the surety bond, the state dismissed it's cause of action against Gonzales on the $10,000 personal recognizance bond, presumably because of an uncollectability factor. Appellant surety's petition for bill of review and special bill of review was denied.

The procedural vehicle by which the appellant surety sought relief is found in article 22.17(a) of the Texas Code of Criminal Procedure:

Not later than two years after the date a final judgment is entered in a bond forfeiture proceeding, the surety on the bond may file with the court a special bill of review. A special bill of review may include a request, on equitable grounds, that the final judgment be reformed and that all or part of the bond amount be remitted to the surety, after deducting the costs of court, any reasonable costs to the county for the return of the principal, and the interest accrued on the bond amount from the date of forfeiture. The court in its discretion may grant or deny the bill in whole or in part.

■ A surety also has a right to an equitable proceeding through the procedure of a general bill of review. *Williams v. State*, 670 S.W.2d 717, 722 (Tex.App.—San Antonio 1984), *aff'd as modified* 707 S.W.2d 40 (Tex.Crim.App.1986). An original petition for a general bill of review must be brought within four years after the date the cause of action accrued. TEX. CIV.PRAC.REM.CODE ANN. § 16.051 (Vernon 1986) (residual limitations period). A general bill of review proceeding requires a petitioner to prove (1) a meritorious defense, (2) which the party was prevented from making by the opposite party (3) unmixed with any fault or negligence of the petitioner's own. *Alexander v. Hagedorn*, 148 Tex. 565, 568–69, 226 S.W.2d 996, 998 (1950).

■ Apparently, the state convinced the trial judge that the general bill of review requirements must be applied to article 22.-17, the statutory special bill of review. We are persuaded, however, that such is not the case and hold that a statutory bill of review petitioner under article 22.17 need not conform to the rules of the equitable practice applicable to bills of review and is not limited by those restrictions. *See Westchester Fire Ins. Co. v. Nuckols*, 666 S.W.2d 372, 374–375 (Tex.App.—Eastland 1984, writ ref'd n.r.e.) (citing *Norton v. Cheney*, 138 Tex. 622, 161 S.W.2d 73, 74 (1942)); *see also Pure Oil Co. v. Reece*, 124 Tex. 476, 479, 78 S.W.2d 932, 934 (1935). Further, we presume the legislature intended to abrogate the *Alexander v. Hagedorn* general bill of review requirements when it passed article 22.17 in 1987. Accordingly, a petitioner under article 22.17 is not required to allege and prove the *Alexander v. Hagedorn* elements of a meritorious defense which could not be presented because of conduct by the opposing party unmixed with any fault or negligence of the petitioner's own.

■ On the other hand, a special bill of review proceeding under article 22.17 should take into account that the object and purpose of bail is to secure the presence of the accused for disposition of the criminal charges against him and consider other factors including, but not necessarily limited to the following:

1) A bail bond is not punitive, nor is it intended to be a substitute for a fine or

a revenue device to enrich the government's coffers. *See Carbo v. United States*, 82 S.Ct. 662, 665, 7 L.Ed.2d 769 (1962); *United States v. Bass*, 573 F.2d 258, 260 (5th Circ.1978); *Trammel v. State*, 529 S.W.2d 528, 529 (Tex.Crim. App.1975).

2) The government's cost and inconvenience in regaining custody.

3) The delay caused by the principal's failure to appear.

4) The willfulness of the principal's breach of the bond conditions.

5) The public interest in insuring the principal's appearance.

6) The participation of the surety in rearresting the principal.

7) The prejudice suffered by the government.[1]

In applying these factors to the case before us, the record reflects the following:

1) There is no evidence in the record regarding any cost or inconvenience to the state in regaining custody of Gonzales.

2) A brief thirty-four day delay was occasioned by Gonzales' failure to appear.

3) There apparently was no evidence of any willfulness of the breach of conditions in view of the undisputed fact that Mr. Gonzales was given a personal recognizance bond three days after his rearrest and in view of the state's decision not to pursue a $10,000 judgment against Mr. Gonzales on his personal recognizance bond.

4) The public interest in law enforcement was served by Mr. Gonzales' quick reapprehension.

5) The government suffered no prejudice in prosecuting the criminal case against Mr. Gonzales and, in fact, the appellant surety was the party who located Mr. Gonzales in the Nueces County Jail and informed Bexar County authorities.

We are also troubled by the apparent double standard of due process applied by the state to Mr. Gonzales and the appellant surety. On the same day that the state vigorously pursued the $10,000 judgment against the appellant surety, it filed a motion for nonsuit as to Mr. Gonzales' $10,000 obligation and said:

Plaintiff [THE STATE] no longer desires to prosecute [its] suit against Rudolfo L. Gonzales, who is principal and surety on this [personal bond] as defendant Rudolfo L. Gonzales has been returned to custody and the case is closed, *therefore the purpose of the [personal bond] has been satisfied.* (emphasis added).

The rationale for not pursuing a $10,000 judgment against Mr. Gonzales could and should equally be applied to the appellant surety. The only apparent difference between the appellant surety and Mr. Gonzales is that the appellant surety is able to pay the $10,000 to the government. We hold that equity, due process and basic concepts of fairness require that Chapter 22 of the Texas Code of Criminal Procedure be applied similarly to surety bonds and personal recognizance bonds alike.

Accordingly, we sustain the appellant surety's point of error. There is authority for the proposition that an appropriate remittitur can be ordered by the appellate court. *Johnson v. State*, 361 S.W.2d at 575–76; *Ricard v. State*, 350 S.W.2d at 938–40; *Williams v. State*, 265 S.W.2d at 95. Taking into account the requirements of article 22.17 concerning deduction for court costs, costs for returning Gonzales to Bexar County and the interest accrued on the bond from the date of forfeiture to the date of rearrest (thirty two days), we order that the judgment of the trial court be reformed to reflect a remittitur of $9,500. As modified, the judgment of the trial court is affirmed.

---

1. *See, e.g., United States v. Cervantes*, 672 F.2d 460, 461 (5th Cir.1982); *United States v. Parr*, 594 F.2d 440, 444 (5th Cir.1979); *United States v. Mizani*, 605 F.2d 739, 740 (4th Cir.1979); *Johnson v. State*, 172 Tex.Crim. 624, 361 S.W.2d 574, 575–76 (App.1961), *cert. denied*, 371 U.S. 828, 83 S.Ct. 20, 9 L.Ed.2d 66 (1962); *Ricard v. State*, 171 Tex.Crim. 456, 350 S.W.2d 938, 938–40 (App.1961); *Williams v. State*, 159 Tex.Crim. 443, 265 S.W.2d 92, 94 (App.1954).