Mike McKENNA d/b/a Bondman
Bail Bonds, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–05–00318–CR.

Court of Appeals of Texas,
Waco.

Oct. 18, 2006.

Rehearing Overruled Dec. 19, 2006.

John D. Nation, Nation & Nation, Dallas, for appellant.

Mike McKenna, Fort Worth, pro se.

Dale S. Hanna, Johnson County Dist. Atty., Cleburne, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

McKenna, a professional bondsman, was the surety on a $25,000 bail bond on which Belinda Lee Powell was the principal and the person charged with the offense. After she failed to appear, judgment nisi was entered. A final default judgment for forfeiture of the full amount of the bond was entered after McKenna failed to appear at the bond forfeiture hearing. McKenna filed a motion for special bill of review, which the trial court denied. He appeals that denial and brings two issues for review.

### Disqualification and Recusal

In his first issue, McKenna argues the trial judge violated Texas Rule of Civil Procedure 18b by failing to recuse himself from the proceedings. McKenna argues that the judge should have recused himself because his impartiality might reasonably be questioned and he has a personal bias or prejudice concerning the subject matter or a party. Tex.R. Civ. P. 18b(2)(a), (b). In the alternative, he argues the judge was disqualified because he has "an interest in the subject matter in controversy." Tex.R. Civ. P. 18b(1)(b).

A judge may be removed from a particular case either because he is constitutionally disqualified, subject to a statutory strike, or recused under rules promulgated by the Texas Supreme Court. *See* Tex. Const. art. V, § 11; Tex. Gov't Code Ann. § 74.053(d) (Vernon 2005); Tex.R. Civ. P. 18a, 18b; Tex.R.App. P. 16. The grounds and procedures for each type of removal are fundamentally different. *In re Union Pacific Res. Co.*, 969 S.W.2d 427, 428 (Tex.1998).

Texas Rule of Civil Procedure 18a(a) requires that a motion for recusal "shall be verified and must state with particularity the grounds why the judge before whom the case is pending should not sit." Tex.R. Civ. P. 18a(a). The procedural requirements for recusal set out in this rule are mandatory and a party who fails to comply waives his right to complain of a judge's failure to recuse himself. *Union Pacific*, 969 S.W.2d at 428. McKenna failed to file a motion for recusal. Accordingly, we conclude that McKenna waived his claim for statutory recusal by failing to specifically request it by a verified Rule 18a motion before the trial court.

McKenna also failed to file a motion for disqualification. However, unlike recusal, disqualification cannot be waived. *Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 148 (Tex.1982). If a judge is disqualified, he is without jurisdiction to hear the case, and therefore, any judgment he renders is void and a nullity. *Id.* Further, disqualification may be raised at any time. *Id.*

There are three Constitutional grounds for disqualification in a civil case. *See* Tex. Const. art. V, § 11; Tex.R. Civ. P. 18b(1). McKenna relies upon the ground which prohibits a judge from sitting in a case in which he may have an "interest." *Id.* However, for a judge to be disqualified, the interest must be a direct pecuniary or property interest in the subject matter of the litigation. *Gulf Maritime Warehouse Co. v. Towers*, 858 S.W.2d 556, 558 (Tex. App.-Beaumont 1993, writ denied).

At the time of the bill of review hearing, McKenna's bail bond license was suspended. The trial judge who presided over the hearing is a member of the Johnson County Bail Bond Board which suspended the license. The judge also presided over a case in which McKenna's employee, Tony Smith, challenged the refusal of the board to grant him a license as McKenna's agent. Simply because the trial judge serves on the Bail Bond Board and has presided over cases involving a party in the past is not sufficient for disqualification. McKenna failed to show that the trial judge had a pecuniary or property interest in the subject matter of the litigation. Accordingly, disqualification is not required. We overrule issue one.

### Bill of Review

▮▮▮ After a final judgment is entered in a bond forfeiture proceeding, the surety on the bond may file with the court a special bill of review requesting, on equitable grounds, that the final judgment be reformed and that all or part of the bond amount be remitted to the surety. TEX. CODE CRIM. PROC. ANN. art. 22.17(a) (Vernon 1989). The decision to grant or deny the bill, in whole or in part, is entirely within the discretion of the trial court. *Id.* "In determining whether the trial court abused its discretion, we must determine if the judge acted without reference to any guiding rules and principles, or, in other words, whether the court acted arbitrarily or unreasonably." *Lyles v. State*, 850 S.W.2d 497, 502 (Tex.Crim.App.1993) (citing *Makeig v. State*, 830 S.W.2d 956 (Tex.Crim. App.1992)) (adopting the decision and reasoning of *Makeig v. State*, 802 S.W.2d 59, 62 (Tex.App.-Amarillo 1990)).

▮▮▮ Article 22.17 contains no guidelines for the exercise of the court's discretion. *Lyles*, 850 S.W.2d at 502.

▮▮▮ As in the case where the surety seeks exoneration, a surety seeking a remittitur bears the burden of pleading and proving facts to justify his request. *See Hill v. State*, 920 S.W.2d 468, 472 (Tex. App.-Waco 1996), *rev'd on other grounds*, 955 S.W.2d 96 (Tex.Crim.App.1997).

▮▮▮ A special bill of review proceeding under article 22.17 should take into account that the object and purpose of bail is to secure the presence of the accused for disposition of the criminal charges against her. *Gramercy Ins. Co. v. State*, 834 S.W.2d 379, 381 (Tex.App.-San Antonio 1992, no pet.). The trial court should also consider the following factors:

(1) a bail bond is not punitive, nor is it intended to be a substitute for a fine or a revenue device to enrich the government's coffers;

(2) the government's cost and inconvenience in regaining custody;

(3) the delay caused by the principal's failure to appear;

(4) the willfulness of the principal's breach of the bond conditions;

(5) the public interest in insuring the principal's appearance;

(6) the participation of the surety in rearresting the principal; and

(7) the prejudice suffered by the government.

*Id.* at 382.

▮▮▮ In applying the *Gramercy* factors, we find that the record reflects the following:

(1) The State argued that it incurred expenses for the "time and effort" of the judge, bailiff, court coordinator, and other court staff. It also cited the "costs for personnel to enter the capias issued by the judge for the Defendant–Principal's arrest as well as costs incurred by the Johnson County Sheriff['s] Office for the ar-

rest. . . ." However, there is no evidence in the record regarding any cost or inconvenience to the State in regaining custody of Powell. In fact, she was located within Johnson county. The State did not incur any expenses in transporting her from another county.

(2) Powell failed to appear on January 18, 2001 and was arrested on September 15, 2001. Following the entry of the judgment nisi, the trial court failed to issue the arrest warrant until February 13, 2001. There was a delay of approximately 214 days following the issuance of the warrant.

(3) There is no evidence in the record of Powell's willful breach of the bond conditions. However, McKenna failed to present any evidence that it was not a willful breach.

(4) The public interest in law enforcement was served by Powell's reapprehension. There is no evidence of harm to the public during the intervening period.

(5) McKenna attempted to locate Powell throughout the eight-month period after she failed to appear. Tony Smith testified that he contacted Powell's family members and that McKenna offered a $1,000 reward for information leading to her arrest. They also spoke to various individuals who claimed to have information about Powell's whereabouts. Smith testified that he eventually located Powell based on information from one of these individuals. He promptly notified the Sheriff's Department, and Powell was arrested.

(6) The record does not show that the government suffered any prejudice in prosecuting the criminal case against Powell.

Based on this record, McKenna established that the State did not expend an unreasonable amount in regaining custody of Powell, she was rearrested within a reasonable time after the judgment nisi was entered, and McKenna directly participated in locating Powell. We find that the trial court abused its discretion in failing to remit part of the bond amount. *Lyles,* 850 S.W.2d at 502. Appellant's second issue is sustained.

There is authority for the proposition that an appropriate remittitur can be ordered by the appellate court. *Gramercy,* 834 S.W.2d at 382 (citing *Johnson v. State,* 172 Tex.Crim. 624, 361 S.W.2d 574, 575–76 (1961); *Ricard v. State,* 171 Tex.Crim. 456, 350 S.W.2d 938, 938–40 (1961); *Williams v. State,* 159 Tex.Crim. 443, 265 S.W.2d 92, 95 (1954)). Taking into account the requirements of article 22.17 concerning deduction for court costs, the minimal costs of reapprehending Powell, and interest on the bond from the date of forfeiture to the date of rearrest, we order that the judgment of the trial court be reformed to reflect a remittitur of $15,000. As modified, the judgment of the trial court is affirmed.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

The majority disagrees with the trial court's decision so they decide the issue de novo, modify the judgment, and affirm their own decision. Our standard of review is abuse of discretion, not a de novo reconsideration.

The analysis in this case is a review of factors the trial court considers in making its determination whether all or part of the bond amount should be remitted to the surety. The majority, in its purported "review" of these factors, notes that:

In applying the *Gramercy* factors, we find the record reflects the following [then setting out a summary of the record].…

The majority moves from these observations to its conclusions. Maj. Op. pg. 236. The problem with this statement and their application of the factors is that it is the trial court, not the appellate court that is to consider and apply these factors. We are only to review the trial court's decision to see if the trial court abused its discretion.

The error in methodology is amply demonstrated by the opinion. After listing the factors the majority believes it must apply to decide the issue, they make the following observations:

(1) … there is no evidence in the record regarding any cost or inconvenience to the State in regaining custody of Powell.…

(2) …

(3) There is no evidence in the record of Powell's willful breach of the bond conditions. However, Mr. McKenna failed to present any evidence that it was not a willful breach.

(4) … There is no evidence of harm to the public during the intervening period.

(5) …

(6) The record does not show that the government suffered any prejudice in prosecuting the criminal case against Powell.

Maj. Op. pgs. 236–37.

First, we must understand our standard of review. We should conduct a review of the evidence on the various factors to determine if the trial court abused its discretion by not granting the surety an equitable remittitur.

A factor analysis is fundamentally different than an elemental analysis. If this is a factor analysis, and I believe that it clearly is, the presence or absence of evidence on any single factor is not relevant to our review of the trial court's decision. *See In the Interest of B.R.S.*, 166 S.W.3d 373, 379 (Tex.App.-Waco 2005, no pet.) (Gray, C.J., dissenting). Whereas, if it is an elemental analysis, the absence of evidence on any single element required for relief would result in a judgment against the party with the burden of proof on the element. *Id.*

Here, the majority is "modifying" the judgment due to an absence of evidence but the party with the burden of proof is receiving the benefit of that "modification." This is contrary to all established concepts of appellate review.

Further, the majority's analysis demonstrates that the majority has placed the burden on the State to avoid a remittitur by presenting evidence. This is an erroneous placement of the burden of proof. The burden of proof is on the surety to establish that on equitable grounds a remittitur should be ordered. *See* Tex.Code Crim. Proc. Ann. art. 22.17 (Vernon 1989). If there is a failure or absence of proof, it is not because the State failed to present evidence or did not show it incurred little or no cost. That burden is on McKenna. Further, the majority's reliance on the fact that there is no evidence in the record of Powell's willful breach of the bond conditions, harm to the public, or the prejudice suffered by the government indicates placement of the burden on the State. If McKenna, the surety, wanted these factors to be considered, the burden was on the surety to show, by evidence, that Powell's breach was not willful, why Powell's presence was not against the public interest, and why the State was not prejudiced by Powell's failure to appear. Obviously, the surety failed to meet its burden to do so, but the majority is erroneously allocating this failure to the State and giving McKenna the benefit of the absence of evidence.

The failure of proof falls squarely on the surety—not the State. If the surety did not show up for the special bill of review, the State wins. Likewise, if there is inadequate evidence in the record to justify a remittitur on equitable grounds, the judgment must be affirmed—not modified. There is no more evidence to support the amount to which the majority reduces the forfeiture, $10,000, than there is to support the original forfeiture of $25,000. But it was not the State's burden to "support" either amount and McKenna certainly has not, nor has McKenna provided evidence to "support" a $15,000 remittitur. The majority is simply making a de novo determination that $25,000 is too much, zero is not enough, but $10,000 is just right.

The hearing focused on McKenna's efforts to locate Powell. Evidence on this single factor was not enough to convince the trial court of the surety's equitable interest in being granted a remittitur. I find no abuse of discretion.

I respectfully dissent.