**Mike McKENNA d/b/a Bondman Bail Bonds, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–06–00031–CR.**

Court of Appeals of Texas, Waco.

March 14, 2007.

---

Mike McKenna, Fort Worth, pro se.

Dale S. Hanna, Johnson County Dist. Atty., Cleburne, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Mike McKenna, a professional bondsman, was the surety on a $5,000 bail bond on which Robert Lewis Mossburg was the principal and the person charged with the offense. After Mossburg failed to appear at his August 30, 2002 trial, judgment nisi

was entered. A final default judgment for forfeiture of the full amount of the bond was entered after McKenna failed to appear at the bond forfeiture hearing. McKenna filed a motion for a special bill of review. At the bill of review hearing, the trial court reviewed the bond forfeiture in Mossburg's case as well as the bond forfeiture in the Powell case. In both cases, McKenna was the bondsman, a default judgment was entered after McKenna failed to appear at the bond forfeiture hearing, and the trial court denied McKenna's motion for a special bill of review.

McKenna appealed the trial court's denial of his motion for a special bill of review in the Powell case. This Court issued an opinion in that case on October 18, 2006 and we reformed the judgment of the trial court to reflect a partial remittitur of the bond. *McKenna v. State*, 209 S.W.3d 233 (Tex.App.-Waco 2006, pet. filed). On appeal in the present case, McKenna brings the same two issues for review as he brought in the Powell case.

### Disqualification and Recusal

■ In his first issue, McKenna argues the trial judge violated Texas Rule of Civil Procedure 18b by failing to recuse himself from the proceedings. McKenna argues that the judge should have recused himself because his impartiality might reasonably be questioned and he has a personal bias or prejudice concerning the subject matter or a party. Tex.R. Civ. P. 18b(2)(a), (b). He also argues the judge was disqualified because he has "an interest in the subject matter in controversy." Tex.R. Civ. P. 18b(1)(b).

A judge may be removed from a particular case either because he is constitutionally disqualified, subject to a statutory strike, or recused under rules promulgated by the Texas Supreme Court. *See* Tex. Const. art. V, § 11; Tex. Gov't Code Ann.

§ 74.053(d) (Vernon 2005); Tex.R. Civ. P. 18a, 18b; Tex.R.App. P. 16. The grounds and procedures for each type of removal are fundamentally different. *McKenna*, 209 S.W.3d at 235 (citing *In re Union Pacific Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998)).

■ Texas Rule of Civil Procedure 18a(a) requires that a motion for recusal "shall be verified and must state with particularity the grounds why the judge before whom the case is pending should not sit." Tex.R. Civ. P. 18a(a). The procedural requirements for recusal set out in this rule are mandatory and a party who fails to comply waives his right to complain of a judge's failure to recuse himself. *McKenna*, 209 S.W.3d at 235 (citing *Union Pacific*, 969 S.W.2d at 428). McKenna failed to file a motion for recusal. Accordingly, we conclude that McKenna waived his claim for statutory recusal by failing to specifically request it by a verified Rule 18a motion before the trial court.

■ McKenna also failed to file a motion for disqualification. However, unlike recusal, disqualification cannot be waived. *McKenna*, 209 S.W.3d at 235 (citing *Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 148 (Tex.1982)). If a judge is disqualified, he is without jurisdiction to hear the case, and therefore, any judgment he renders is void and a nullity. *Id.* Further, disqualification may be raised at any time. *Id.*

■ There are three constitutional grounds for disqualification in a civil case. *See* Tex. Const. art. V, § 11; Tex.R. Civ. P. 18b(1). McKenna relies upon the ground which prohibits a judge from sitting in a case in which he may have an "interest." *Id.* However, for a judge to be disqualified, the interest must be a direct pecuniary or property interest in the subject matter of the litigation. *McKenna*, 209 S.W.3d at

235 (citing *Gulf Maritime Warehouse Co. v. Towers,* 858 S.W.2d 556, 558 (Tex.App.-Beaumont 1993, writ denied)).

At the time of the bill of review hearing, McKenna's bail bond license was suspended. The trial judge who presided over the hearing is a member of the Johnson County Bail Bond Board which suspended the license. The judge also presided over a case in which McKenna's employee, Tony Smith, challenged the refusal of the board to grant him a license as McKenna's agent. Simply because the trial judge serves on the Bail Bond Board and has presided over cases involving a party in the past is not sufficient for disqualification. McKenna fails to show that the trial judge had a pecuniary or property interest in the subject matter of the litigation. Accordingly, disqualification is not required. We overrule issue one.

**Bill of Review**

■ After a final judgment is entered in a bond forfeiture proceeding, the surety on the bond may file with the court a special bill of review requesting, on equitable grounds, that the final judgment be reformed and that all or part of the bond amount be remitted to the surety. Tex. Code Crim. Proc. Ann. art. 22.17(a) (Vernon 1989). The decision to grant or deny the bill, in whole or in part, is entirely within the discretion of the trial court. *Id.* "In determining whether the trial court abused its discretion, we must determine if the judge acted without reference to any guiding rules and principles, or, in other words, whether the court acted arbitrarily or unreasonably." *McKenna,* 209 S.W.3d at 236 (citing *Lyles v. State,* 850 S.W.2d 497, 502 (Tex.Crim.App.1993)).

Article 22.17 contains no guidelines for the exercise of the court's discretion. *Id.* (citing *Lyles,* 850 S.W.2d at 502).

■ As in the case where the surety seeks exoneration, a surety seeking a remittitur bears the burden of pleading and proving facts to justify his request. *Id.* (citing *Hill v. State,* 920 S.W.2d 468, 472 (Tex.App.-Waco 1996), *rev'd on other grounds,* 955 S.W.2d 96 (Tex.Crim.App. 1997)).

■ A special bill of review proceeding under article 22.17 should take into account that the object and purpose of bail is to secure the presence of the accused for disposition of the criminal charges against him. *Gramercy Ins. Co. v. State,* 834 S.W.2d 379, 381 (Tex.App.-San Antonio 1992, no pet.). The trial court should also consider the following factors:

(1) a bail bond is not punitive, nor is it intended to be a substitute for a fine or a revenue device to enrich the government's coffers;

(2) the government's cost and inconvenience in regaining custody;

(3) the delay caused by the principal's failure to appear;

(4) the willfulness of the principal's breach of the bond conditions;

(5) the public interest in insuring the principal's appearance;

(6) the participation of the surety in rearresting the principal; and

(7) the prejudice suffered by the government.

*Id.* at 382.

In applying the *Gramercy* factors, we find that the record reflects the following:

(1) There is no specific evidence in the record regarding the cost to the State in regaining custody of Mossburg. However, the Sheriff's Return on the Alias Capias indicates that the State located him in Jones County.

(2) Mossburg failed to appear on August 30, 2002 and was arrested on Janu-

ary 9, 2003. There was a delay of approximately 132 days.

(3) There is no evidence in the record of Mossburg's willful breach of the bond conditions. However, McKenna failed to present any evidence that it was not a willful breach.

(4) The public interest in law enforcement was served by Mossburg's re-apprehension. There is no evidence of harm to the public during the intervening period.

(5) McKenna failed to present any evidence that he attempted to locate Mossburg. He argues that he presented uncontested evidence that the State failed to "... issue an arrest warrant which rendered [McKenna] helpless in having the Defendant arrested." However, the Alias Capias indicates that it was issued on August 30, 2002, the day Mossburg failed to appear. The State argues that the Jones County Sheriff's officers arrested Mossburg without any assistance from McKenna.

(6) The record does not show that the government suffered any prejudice in prosecuting the criminal case against Mossburg.

We find that this case is distinguishable from the Powell case in which we ordered a partial remittitur of the forfeited bond to McKenna. *McKenna*, 209 S.W.3d 233. Unlike the defendant in that case, Mossburg was located in a different county and had to be transported back to Johnson County, and McKenna failed to show that he participated in locating Mossburg. *Id.* Accordingly, we find that the trial court did not abuse its discretion in denying the motion for special bill of review. McKenna's second issue is overruled.

## Conclusion

Having overruled McKenna's two issues, we affirm the judgment of the trial court.

Chief Justice GRAY concurring.

TOM GRAY, Chief Justice, concurring.

The errors in the majority opinion are not as obvious, but the analysis of the second issue is wrong for all the reasons expressed in my dissenting opinion in *McKenna v. State*, 209 S.W.3d 233 (Tex. App.-Waco 2006, pet. filed). For those reasons, I cannot join the majority opinion in its discussion or analysis under the section "Bill of Review." The majority's errors in this appeal, however, did not prevent it from reaching the correct result. I too would affirm the trial court's judgment and, therefore, concur in this Court's judgment.