NUMBERS 13-06-00039-CV


 13-06-00127-CV

 13-06-00128-CV


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


OCTAVIO CASTANEDA, INDIVIDUALLY,

AND D/B/A O. CASTANEDA BAIL BONDS, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 92nd and 370th District Courts 

of Hidalgo County, Texas.

 


MEMORANDUM OPINION

 Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza



 In each of three cases, appellant, Octavio Castaneda, individually and d/b/a O.
Castaneda Bail Bonds, appeals from a judgment forfeiting a bail bond. (1) In each cause
number, by a single issue, Castaneda contends that the trial court abused its discretion by
entering a final judgment in the bond forfeiture proceeding when American Surety
Company ("American"), a necessary party, was never served. We reverse and render
judgment in favor of Castaneda in cause numbers 13-06-127-CV and 13-06-128-CV, and
we dismiss cause number 13-06-039-CV as moot.

I. Factual and Procedural Background

 Castaneda is a bail bondsman and an agent of American. (2) He issued bail bonds
for the principals in these three cases. 

A. Cause Number 13-06-127-CV

 In cause number 13-06-127-CV, Castaneda was the executing agent on a $5,000
bail bond for principal Cesar Prado, who was charged with delivery of a controlled
substance--cocaine. Prado failed to appear in court on June 7, 2001, and the trial court
issued a judgment nisi on June 14, 2001. Castaneda filed a pro se verified first amended
original answer on November 14, 2001, asserting that he should be absolved of all liability
because, among other things, American, a necessary party to the bond, was not served
with notice of the judgment nisi. On January 11, 2005, after a hearing, the trial court
entered a final judgment on bond forfeiture in favor of the State for $5,000 plus costs of
court and interest on the bond after forfeiture. 

 Castaneda filed a petition for bill of review on July 5, 2005, arguing that because
American was not provided notice of the trial setting, he was entitled to an "exoneration on
[the] bond in question." After a hearing on October 11, 2005, the trial court granted
Castaneda's petition for bill of review. The trial court conducted an additional hearing on
February 16, 2006, and entered a final judgment of bond forfeiture in favor of the State the
next day. The trial court concluded that Prado and Castaneda were jointly and severally
liable for the $5,000 bail bond plus costs of court. Castaneda filed his notice of appeal on
March 14, 2006. On August 15, 2006, Castaneda filed a supersedeas bond with the trial
court for the full bond amount. See Tex. Occ. Code Ann. § 1704.204(a)(2) (Vernon 2004).

B. Cause Number 13-06-128-CV

 In cause number 13-06-128-CV, Castaneda was the executing agent on a $10,000
bail bond for principal Oscar Morales Rutiaga, who was charged with unlawful possession
of marihuana. Rutiaga failed to appear in court on June 13, 2001. The trial court issued
a judgment nisi on June 20, 2001. Castaneda filed a pro se verified first amended original
answer on November 14, 2001, asserting, among other things, that because American was
a necessary party to the bond and was not served with notice of the judgment nisi, he
should be exonerated from complying with the judgment nisi. However, on January 11,
2005, the trial court entered a final judgment of bond forfeiture in favor of the State. 

 Castaneda filed a petition for bill of review on July 5, 2005, arguing that because
American did not receive notice of the trial setting, he was entitled to an "exoneration on
[the] bond in question." After a hearing, the trial court granted Castaneda's petition for bill
of review on October 11, 2005. The trial court conducted an additional hearing on
February 16, 2006, and entered a final judgment of bond forfeiture in favor of the State the
next day. The trial court concluded that Rutiaga and Castaneda were jointly and severally
liable for the $10,000 bail bond plus costs of court. Castaneda filed his notice of appeal
on March 14, 2006. On August 15, 2006, Castaneda filed a supersedeas bond with the
trial court for the full bond amount. See id. § 1704.204(a)(2). 

C. Cause Number 13-06-039-CV

 In cause number 13-06-039-CV, Castaneda was the executing agent on a $15,000
bail bond for principal Jose Garcia, who was charged with unlawful possession of
marihuana in an amount exceeding fifty pounds but less than 2,000 pounds. Garcia failed
to appear at a hearing on December 18, 1998, due to his deportation. As a result of his
failure to appear, the trial court entered a judgment nisi. On June 21, 1999, the trial court
conducted a trial on bond forfeiture, which resulted in a judgment in favor of the State.

 On December 9, 2003, Castaneda filed a petition for bill of review. After a hearing
on August 17, 2004, the trial court denied Castaneda's petition on January 6, 2006. 
Castaneda filed a pro se notice of appeal on January 11, 2006. On August 15, 2006,
Castaneda filed a supersedeas bond with the trial court for the full bond amount. See id.
§ 1704.204(a)(2). Subsequently, the State filed a motion to dismiss the judgment nisi given
that Garcia had "pled guilty or no contest." The trial court granted this motion on August
2, 2007.

II. Standard of Review

 Bond forfeitures are criminal matters. State v. Sellers, 790 S.W.2d 316, 321 (Tex.
Crim. App. 1990). However, article 22.10 of the code of criminal procedure prescribes that
civil rules shall govern all proceedings in the trial court following judgment nisi. Tex. Code.
Crim. Proc. Ann. art. 22.10 (Vernon Supp. 2007). 

 In a bail bond forfeiture, the State has the burden of proof. Kubosh v. State, 241
S.W.3d 60, 63 (Tex. Crim. App. 2007) (citing Deckard v. State, 605 S.W.2d 918, 921 (Tex.
Crim. App. 1980)). "The essential elements of the State's cause of action in a bond
forfeiture proceeding are the bond and the judicial declaration of the forfeiture of the bond,
which is the judgment nisi." (3) Alvarez v. State, 861 S.W.2d 878, 880-81 (Tex. Crim. App.
1992).

 Under article 22.17, after a final judgment is entered in a bond forfeiture proceeding,
the surety on the bond may file a special bill of review with the court requesting, on
equitable grounds, that the final judgment be reformed and that all or part of the bond
amount be remitted to the surety, less (1) the costs of court, (2) any reasonable costs to
the county for the return of the principal, and (3) the interest accrued on the bond amount
from the date of forfeiture. Tex. Code. Crim. Proc. Ann. art. 22.17(a) (Vernon 1989). 
Article 22.17 further states that the decision to grant or deny the bill of review, in whole or
in part, is entirely within the discretion of the trial court. Id.; see Lyles v. State, 850 S.W.2d
497, 502 (Tex. Crim. App. 1993); see also Alkek v. State, No. 13-05-00209-CV, No. 13-05-00210-CV, No. 13-05-00211-CV, No. 13-05-00212-CV, 2006 Tex. App. LEXIS 5335, at
**2-3 (Tex. App.-Corpus Christi June 22, 2006, no pet.). 

 "In determining whether the trial court abused its discretion, we must determine if
the judge acted without reference to any guiding rules and principles, or, in other words,
whether the court acted arbitrarily or unreasonably." Lyles, 850 S.W.2d at 502; Makeig v.
State, 802 S.W.2d 59, 62 (Tex. App.-Amarillo 1990), aff'd, 830 S.W.2d 956 (Tex. Crim.
App. 1992). Article 22.17 does not contain any guidelines for the exercise of the court's
discretion. Lyles, 850 S.W.2d at 502. As in the case where the surety seeks exoneration,
a surety seeking a remittitur bears the burden of pleading and proving facts to justify his
request. See McKenna v. State, 221 S.W.3d 765, 768 (Tex. App.-Waco 2007, no pet.).III. Analysis (4)

 In his sole issue in all three cases, Castaneda asserts that the trial court erred in
concluding that the bail bonds in each of these cases should be forfeited to the State
because the State failed to serve American, a named surety on each of the bonds at issue,
with notice of the forfeiture proceedings. See Tex. Code Crim. Proc. Ann. art. 22.05
(Vernon Supp. 2007) (stating that a surety is entitled to notice by service of citation); id. art.
22.14 (Vernon 1989). Therefore, he claims that the trial court's judgment was not final
because it did not dispose of all necessary parties and that the State cannot cure the
service defect because the statute of limitations has run. See id. art. 22.18 (Vernon Supp.
2007) ("An action by the state to forfeit a bail bond under this chapter must be brought not
later than the fourth anniversary of the date the principal fails to appear in court."). As a
result, Castaneda argues that all or part of the bail bond should be remitted. (5) We construe
these contentions as an attack on the final judgment and the judgment nisi entered by the
trial court.


A. Jurisdiction

 Our initial inquiry is always whether we have jurisdiction over an appeal. See Tex.
Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). Unless one of the
sources of our authority specifically authorizes an interlocutory appeal, we only have
jurisdiction over an appeal taken from a final judgment. See Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001). If the record does not affirmatively demonstrate our
jurisdiction, we must dismiss the appeal. See Garcia v. Comm'rs Court of Cameron
County, 101 S.W.3d 778, 784 (Tex. App.-Corpus Christi 2003, no pet.). A judgment is not
final unless it disposes of all pending parties and claims in the record. See Lehmann, 39
S.W.3d at 205-06. In a bond forfeiture proceeding, a trial court's final judgment must be
rendered against both the principal and the surety. See Tex. Code Crim. Proc. Ann. art.
22.14.

 In this case, the record does not reflect that there were any pending claims
unaddressed by the trial court. The only parties to the proceeding were the State,
Castaneda, and the principals. Because there were no claims or parties not addressed by
the court's final judgment, we conclude that the judgment is final for purposes of appeal. 
See id. art. 44.42 (Vernon 2006) ("An appeal may be taken by the defendant from every
final judgment rendered upon . . . bail bond . . . where such judgment is for twenty dollars
or more . . . ."); Lehmann, 39 S.W.3d at 205-06.

B. Discussion of Cause Numbers 13-06-127-CV and 13-06-128-CV

 Article 22.05 of the code of criminal procedure states that all sureties shall be
entitled to notice by service of citation in the manner required in civil actions. Tex. Code
Crim. Proc. Ann. art. 22.05. In addition, article 22.03 provides that "[u]pon entry of
judgment, a citation shall issue forthwith notifying the sureties of the defendant, if any, that
the bond has been forfeited, and requiring them to appear and show cause why the
judgment of forfeiture should not be made final." Id. art. 22.03(a) (Vernon Supp. 2007). (6) 
The names of all parties, including the principal and all sureties, are an essential part of
the judgment nisi. See Smith v. State, 485 S.W.2d 787, 787 (Tex. Crim. App. 1972); Joe's
Bonding Co. v. State, 481 S.W.2d 145, 146 (Tex. Crim. App. 1972) (holding that "[a] failure
to name all the obligors in the judgment nisi is reversible error."); see also Williams v. State,
No. 13-03-747-CV, 2005 Tex. App. LEXIS 6363, at **2-3 (Tex. App.-Corpus Christi Aug.
11, 2005, no pet.) (holding that in a bond forfeiture proceeding, a trial court's final judgment
must be rendered against both the principal and the surety). 

 In cause numbers 13-06-127-CV and 13-06-128-CV, the record reflects that
Castaneda was served with notice and appeared at the bond forfeiture proceedings. (7) 
However, nothing in the record demonstrates that American was properly served with
notice of the proceedings. See Gilbert, 623 S.W.2d at 352 (noting that "it is essential that
there be a strict compliance with the Rules of Civil Procedure relating to the issuance of
citation, the manner and mode of service, and the return of process"). American neither
filed a waiver of service of process nor made an appearance in the trial court prior to the
rendition of the final judgment. (8) It was incumbent upon the State to show that the trial court
acquired jurisdiction over American by means of valid issuance of citation, service and
return thereof. See id. ("Citations are materially defective and wholly insufficient to
authorize a judgment by default, unless they contain the names of each and every
defendant in the cause.") (citing Portwood v. Wilburn, 33 Tex. 713, 713 (1871)). Copies
of the bail bonds at issue were introduced at the various hearings and each bail bond
clearly provided an address for American and specifically noted that Castaneda was the
"executing agent." (9) 

 Based on the fact that not all of the obligors on the bonds at issue were properly
served with process, we conclude that the trial court erred in entering judgments solely
against the principals and Castaneda in the underlying cause numbers. See Huntley v.
State, 65 Tex. Crim. 275, 143 S.W. 1166, 1167 (Tex. Crim App. 1912) (stating that "a
judgment nisi is void unless rendered against the principal in the bond and all the sureties"
(emphasis added)). We further conclude that because American was not properly served,
the trial court abused its discretion in determining that the bonds at issue should be
forfeited. Accordingly, we sustain Castaneda's sole issue on appeal in cause numbers 13-06-127-CV and 13-06-128-CV.

C. Discussion of Cause Number 13-06-039-CV 

 We do not, however, find Castaneda's contentions to be persuasive in cause
number 13-06-039-CV. As previously mentioned, in this case, the trial court granted the
State's motion to dismiss the underlying judgment nisi because Garcia, the principal, had
pleaded guilty or no contest. Because Castaneda's appellate arguments serve as an
attack on the final judgment and the underlying judgment nisi, the trial court's granting of
the State's motion to dismiss the judgment nisi renders this cause moot. See Pharris v.
State, 165 S.W.3d 681, 687 (Tex. Crim. App. 2005) (stating that "[a] case that is moot is
normally not justiciable"); Duncan v. Evans, 653 S.W.2d 38, 41 (Tex. Crim. App. 1990)
(Onion, P.J., dissenting) (noting that when an order that is the subject of appeal has been
vacated, the question presented is moot and that when a question becomes moot, the
case should be dismissed); see also Tex. Code Crim. Proc. Ann. art. 22.01 (Vernon
1989). (10) Accordingly, we overrule Castaneda's sole issue in cause number 13-06-039-CV.

IV. Conclusion

 In cause numbers 13-06-127-CV and 13-06-128-CV, we reverse the judgment of
the trial court, and we render judgment in favor of Castaneda. (11) With respect to cause
number 13-06-039-CV, we dismiss as moot.


 ______________________________

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 30th day of June, 2008. 

 


1. Although appellant is the same in each case, the principals and bond amounts differ. Nevertheless,
the issue is the same in each appeal. Furthermore, this Court granted Castaneda's motion for consolidation
on October 5, 2006, for purposes of briefing. Therefore, we address all three cases in one opinion.
2. At all pertinent hearings and in all filings, the State referenced Castaneda as the surety of the bonds
at issue.
3. A judgment nisi entered on a bail bond is not a final judgment but rather is in the nature of an
interlocutory judgment. State v. Sellers, 766 S.W.2d 312, 314 (Tex. App.-Houston [14th Dist.] 1989), aff'd,
790 S.W.2d 316 (Tex. Crim. App. 1990). Therefore, the judgment nisi has no binding effect by itself. Sellers,
766 S.W.2d at 314. However, a judgment nisi becomes final if, after trial of the issues, no sufficient cause
is shown why the principal failed to appear. Id.
4. The State has not filed an appellate brief in this matter.
5. On bill of review in cause numbers 13-06-127-CV and 13-06-128-CV, Castaneda argued that he was
entitled to an exoneration on the bonds in question. However, on appeal, Castaneda contends that he is
entitled to a remitittur on all or part of the relevant bail bonds. We will therefore focus on Castaneda's
arguments pertaining to remittitur. In any event, the record demonstrates that Castaneda is not entitled to
exoneration because he does not fall within the purview of article 22.13 of the code of criminal procedure. 
See Tex. Code Crim. Proc. Ann. art. 22.13 (Vernon Supp. 2007) (providing various causes which will
exonerate). 
6. Article 22.03 further provides that citation to a surety that is a corporation or other entity must be
served to the attorney designated for service of process by the corporation or entity. Tex. Code Crim. Proc.
Ann. art. 22.03 (Vernon Supp. 2007). The record does not establish that Castaneda is an attorney or was
designated as American's agent for service of process in these cases. 
7. The trial court admitted Castaneda's "ASSUMED NAME RECORDS CERTIFICATE OF
OWNERSHIP FOR UNINCORPORATED BUSINESS OR PROFESSION" at the February 16, 2006 hearing. 
This document establishes that O. Castaneda Bail Bonds is a sole proprietorship. David Jones, an employee
of O. Castaneda Bail Bonds, testified at the February 16, 2006 hearing that Castaneda is merely an agent
authorized to write bonds on behalf of American. Jones also testified that American was the corporate surety
in these cases.
8. With respect to service of process, article 22.04 provides that:


 A citation shall be sufficient if it be in the form provided for citations in civil cases in
such court; provided, however, that a copy of the judgment of forfeiture entered by the court,
a copy of the forfeited bond, and a copy of any power of attorney attached to the forfeited
bond shall be attached to the citation and the citation shall notify the parties cited to appear
and show cause why the judgment of forfeiture should not be made final.


Id. art. 22.04 (Vernon Supp. 2007).
9. At the top-center of each of the bail bonds is the following language: "American Surety Company[,]
P.O. Box 68932, Indianapolis, IN 46268". 
10. Article 22.01 of the code of criminal procedure provides that a bond is forfeited when "a defendant
is bound by bail to appear and fails to appear in any court in which such case may be pending and at any time
when his personal appearance is required under this Code . . . a forfeiture of his bail and a judicial declaration
shall be taken . . . ." Id. art. 22.01 (Vernon 1989) (emphasis added).
11. On appeal, Castaneda argues that the statute of limitations has run and that the State is not entitled
to re-institute the bond forfeiture proceedings by serving American. We agree. The record reflects that more
than four years have elapsed since Prado and Rutiaga failed to appear in court in cause numbers 13-06-127-CV and 13-06-128-CV. See Tex. Code Crim. Proc. Ann. art. 22.18 (Vernon Supp. 2007) ("An action by the
state to forfeit a bail bond under this chapter must be brought not later than the fourth anniversary of the date
the principal fails to appear in court."). Because the State failed to serve American in the original bond
forfeiture proceedings within the four-year statute of limitations period provided by article 22.18 of the code
of criminal procedure, we render judgment in favor of Castaneda in cause numbers 13-06-127-CV and 13-06-138-CV. See id.