

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-11-00273-CV

**TOMMY LEON JONES,**

**Appellant**

**v.**

**BRAZOS COUNTY SHERIFF'S DEPARTMENT,**
**SARGEANT WRIGHT, SERGEANT CURRIE,**
**SARGEANT MITCHELL, OFFICER PRESTWOOD,**
**AND DR. FRANCES CHERIYAN,**

**Appellees**

_____

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 11-001243-CV-85

_____

## MEMORANDUM  OPINION

_____

Tommy Leon Jones, a prison inmate, appeals the trial court's dismissal of his civil lawsuit for failure to comply with certain requirements for indigent inmate litigation.  *See* TEX. CIV. PRAC. & REM. CODE ANN. Ch. 14 (West 2002 & Supp. 2011). Because the trial court did not abuse its discretion in dismissing the suit, we affirm the trial court's judgment.

In the first of two issues, Jones complains that because the order of dismissal did not indicate that his suit was dismissed without prejudice, it was dismissed with prejudice, and the trial court abused its discretion. We review a dismissal pursuant to Chapter 14 under an abuse-of-discretion standard. *Allen v. Tex. Dep't Crim. Just.*, 80 S.W.3d 681, 682 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ).

Jones filed his suit on May 16, 2011. The trial court dismissed the suit on May 24, 2011 for failure to include an affidavit of previous filings and a certified copy of his inmate account statement with his petition. TEX. CIV. PRAC & REM. CODE ANN. §§ 14.004(b), (c); 14.006(f) (West Supp. 2011; West 2001). The trial court is allowed to do this. *Amir-Sharif v. Mason*, 243 S.W.3d 854, 856-57 (Tex. App.—Dallas 2008, no pet.). Jones' complaint, however, is that the trial court dismissed his suit with prejudice. There is no designation of whether the dismissal was with or without prejudice, at all, on the trial court's order. Accordingly, Jones's first issue is overruled.

In his second issue, Jones contends the trial court judge should have been disqualified. After the trial court dismissed Jones' suit, Jones submitted a "Plaintiff's Motion for Fact Hearing" asserting that the trial court judge should disqualify himself because the judge had a "vested interest" in the case. Treating this motion as a motion for new trial on the basis of disqualification, the trial court declined to disqualify himself and referred the issue to the Presiding Judge of the Second Administrative

Judicial Region for consideration and action, if appropriate. The Presiding Judge denied Jones' motion.

A judge may be removed from a particular case either because he is constitutionally disqualified, subject to a statutory strike, or recused under rules promulgated by the Texas Supreme Court. *See* TEX. CONST. art. V, § 11; TEX. GOV'T CODE ANN. § 74.053(d) (West 2005); TEX. R. CIV. P. 18a, 18b; TEX. R. APP. P. 16. The grounds and procedures for each type of removal are fundamentally different. *In re Union Pacific Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998). Jones argues only that the trial court judge should have recognized that he was disqualified.

There are three Constitutional grounds for disqualification in a civil case. *See* TEX. CONST. art. V, § 11; TEX. R. CIV. P. 18b(1). Jones relies upon the ground which prohibits a judge from sitting in a case in which he may have an "interest." *Id.* The interest Jones alleges is that the reason for Jones being at the Brazos County Jail, and thus sustaining the injuries complained about in the underlying suit in this appeal, was due to a motion to recuse filed by Jones against the same trial court judge in another proceeding.

Jones asserts in his brief

No Judge shall sit in any case wherein the Judge may be interested, or where either of the parties may be connected with the Judge!! This Judge's public admittance of his long term political and personal Friend Christopher Kirk, Sheriff of Brazos County removes all possibilities of his being neutral and detached in a civil proceeding whereas Appellant is

alleging "unauthorized use of Force" was used on him as retaliation For stances taken against this Judge.

Jones also alleges the judge may become a party in the trial or at least a hostile witness. The current pleading, however, asserts a claim only against the Brazos County Sheriff's Department and some of its employees.

For a judge to be disqualified, however, the interest he has must be a direct pecuniary or property interest in the subject matter of the litigation. *McKenna v. State*, 209 S.W.3d 233, 235 (Tex. App.—Waco 2006), *rev'd on other grounds*, 747 S.W.3d 716 (Tex. Crim. App. 2008); *Gulf Maritime Warehouse Co. v. Towers*, 858 S.W.2d 556, 558 (Tex. App.—Beaumont 1993, writ denied). The grounds alleged by Jones do not rise to this type of interest and do not require the trial court judge's disqualification. Jones' second issue is overruled.

Having overruled each of Jones' issues on appeal, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed March 21, 2012
[CV06]