

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00029-CV

## IN THE INTEREST OF A.M. AND E.M., CHILDREN

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2010-2778-3**

## CONCURRING OPINION

I.

### *ELBAOR* PROSPECTIVE OR RETROACTIVE ANALYSIS

The Court's *Elbaor* analysis does not adequately discuss the relevant factors in the context of applying its decision "prospectively" on "retroactively." *Elbaor v. Smith*, 845 S.W.2d 240, 250 (Tex. 1992). Since the Court's analysis does not adversely impact its judgment, I concur. But given the gravity of the issues, I felt a brief comment on the additional analysis needed might be helpful.

It is critical to note that *Elbaor* identifies a factor analysis, and not an elemental analysis. *Id*. This means each of the items need not be discussed so it is inconsequential whether the Court discussed the second factor of the three factor *Elbaor* analysis. *See McKenna v. State*, 209 S.W.3d 233, 238 (Tex. App.—Waco 2006) (Gray, C.J., dissenting)

(discussing the distinction between a factor analysis and an elemental analysis), *rev'd*, 247 S.W.3d 716 (Tex. Crim. App. 2008). I agree with the Court's implicit determination that the second of the three factors is not important to our analysis. The first and third factors are, however, critical.

The first factor is:

> whether the decision establishes a new principle of law by either overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed[.]

*Elbaor*, 845 S.W.2d at 250. I do not believe the express overruling of prior case law, on the facts and history of this issue, establishes a new principle on which the litigants may have relied. And it certainly is not an issue of first impression whose resolution was not clearly foreshadowed.

Since the Texas Supreme Court overruled this Court in *B.L.D.*,[1] and, based on its analysis therein and upon my research, every court that has analyzed the issue has concluded that a factual sufficiency issue from a jury trial in a termination case must be preserved by making it a ground in a motion for new trial. TEX. R. CIV. P. 324(b). It is thus beyond dispute that the disposition of the issue was clearly foreshadowed by the almost decade of case law development since *B.L.D.* Thus, I would not weigh the first factor in favor of prospective application only.

The third factor provides:

> whether retroactive application of the rule could produce substantial inequitable results.

---

[1] *In re B.L.D.*, 113 S.W.3d 340 (Tex. 2003).

In the Interest of A.M. and E.M.                                                          Page 2

*Elbaor*, 845 S.W.2d at 250.

Again, I disagree with the appellant's and the Court's determination that "substantial inequitable results" would be the consequence of retroactive application of the preservation requirement in this case. The "remedy" for failure of trial counsel to preserve the factual sufficiency issue has already been established. A "remedy" was established to avoid the perceived inequitable result on the same day *BLD* was decided. Thus, the terminated parent is not without a remedy and so the result is not inequitable. The remedy? -- an issue that trial counsel provided ineffective assistance by failing to preserve the factual sufficiency issue. *See In re M.S.*, 115 S.W.3d 534, 549-50 (Tex. 2003) (decided the same day as *In re B.L.D.*).

Appellant argues the first and third *Elbaor* factors weigh in favor of a prospective application of this Court's decision to overrule *In re A.P. In re A.P.*, 42 S.W.3d 248 (Tex. App.—Waco 2001, no pet.), *disapproved on other grounds by In re J.F.C.*, 96 S.W.3d 256, 267 (Tex. 2002). The Court agrees and, thus, does not apply its new rule to this proceeding. Because I would weigh both factors as being in favor of a retrospective application, being a foregone conclusion from the case development in this area of the law, and because there is not an inequitable result since there is another available avenue for relief, I would overrule the issue as not being preserved and affirm the trial court's judgment. Because this is the same judgment the Court ultimately renders, I concur.

## II.

### USE OF EVIDENCE ON MULTIPLE FACTORS

I must, however, also note that appellant's strategy to present this issue as an unpreserved sufficiency issue rather than an ineffective assistance of counsel issue has caused the Court to discuss another issue—another issue not preserved, and an issue that need not even be mentioned under my *Elbaor* analysis: Whether the evidence in support of the predicate violation can also be utilized in evaluating the sufficiency of the evidence in support of the best interest element in a termination case. This really is the issue appellant wants reviewed. Fortunately, the Court properly declines to address that issue as not being preserved.

Accordingly, I respectfully concur.


TOM GRAY
Chief Justice

Concurring opinion delivered and filed on August 9, 2012