ROBERT HUNTLEY, ALIAS FRANK HOLLOWAY, v. THE STATE.

No. 1344.    Decided February 7, 1912.

Scire Facias—Judgment Nisi—Bail Bond—Variance—Principal—Statutes Construed.

Where no judgment was taken against the principal named in the bail bond in the judgment nisi, and there was a variance between the dates as to when the bond was approved and to what court it was returnable, etc., the same could not form the basis of a final judgment. Article 477, White's Code of Criminal Procedure.

Appeal from the District Court of Leon. Tried below before the Hon. S. W. Dean.

Appeal from a judgment final in a scire facias proceeding for $2000. The opinion states the case.

*B. D. Dashiell,* for appellant.—On question of insufficiency of judgment and variance: Smith v. State, 7 Texas Crim. App., 160; Downs v. State, 7 id., 483; Holt v. State, 20 id., 271; Werbiski v. State, 20 id., 132; Aarrington v. State, 13 id., 554; Faubion v. State, 21 id., 494; Short v. State, 16 id., 44; Kiser v. State, 13 id., 201; Ellis v. State, 10 id., 324; Frost v. State, 33 Texas Crim. Rep., 347; Avant v. State, 33 id., 312; Brown v. State, 28 Texas Crim. App., 297.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of estoppel: Hutchins v. State, 24 Texas Crim. App., 242.

DAVIDSON, Presiding Judge.—This is a scire facias proceeding. The judgment nisi entered upon the forfeiture of the bail bond recites that the principal, Robert Huntley, with several named sureties, executed an appearance bond on the 11th day of August, 1910, for the appearance of the principal before the District Court of Leon County on the 22d day of August to remain there from day to day until discharged by the court. The judgment is entered in the following language: "It is therefore considered by the court, that the State is entitled to a forfeiture of said bond, and it is ordered, adjudged and decreed by the court that the State of Texas do have and recover of and from the said J. I. Campbell, H. M. Coleman, Mrs. S. A. Holloway, Wess Alexander and James C. Wilson as sureties, the sum of $2,000 each, and that this judgment will be made final," etc. It will be noticed that there is no entry of judgment against the principal in the judgment nisi; and it will be further noticed that the bond is alleged to have been executed on the 11th day of August, 1910. The scire facias recites that on the 11th day of August, 1910, a certain prosecution was then pending in the District Court of Leon County wherein the State was plaintiff and Robert Huntley, alias Frank Holloway, defendant, and defendant entered into a bail bond with the sureties set out above conditioned for his personal appearance before the District Court of Leon County on the 22d day of August, under a charge of burglary. The bail bond recites that Robert Huntley, alias Frank Holloway, was principal, and entered into a bond with sureties in the sum of $2,000, signed and dated the 11th day of August, 1910. The condition of the above obligation is such that the above named principal, Huntley, stands charged by complaint duly made with the offense of a felony, to wit: the offense of burglary, and upon hearing of said complaint before W. P. St. John, a justice of the peace of said county, sitting as an examining court, that said Robert Huntley, alias Frank Holloway was on the 11th day of August, 1910, by order of said court required to give bail in the sum of $2,000 for his personal appearance before the District Court of said county at its next term thereof to answer the State of Texas upon said charge, or in default of such bail to be committed to the jail of said county. Then follows the conditions that if he should make his personal appearance before said District

Court at its next term to be begun and holden at the court house of said county in Centerville on the 22d day of August, 1910, the same being the fourth Monday in said month, and there remain from day to day, etc. This bond was approved on the 13th day of August, 1910, by W. P. St. John, justice of the peace of precinct No. 1 of Leon County.

The sheriff of Leon County, W. T. Vann, testified that a bank had been burglarized in Leon County and complaint was made before W. P. St. John, justice of the peace of precinct No. 1, Leon County, charging Robert Huntley, alias Frank Holloway with the burglary, and with theft over the value of fifty dollars. That the justice of the peace issued warrant of arrest, and had it endorsed by the county judge of Leon County, and Frank Holloway, alias Robert Huntley, being in jail in Vernon, Wilbarger County, Texas, he went up there and took charge of him to bring him to Centerville for his examining trial. He reached Fort Worth on his return with the prisoner and was met at the depot where he got off the train by a deputy sheriff and Mr. Wilson, one of the sureties, who offered him a bond for the release of his prisoner, except that Mr. Wilson's name was not on the bond. He declined to receive the bond because none had "been fixed" and he knew nothing of the sureties, and because he was conveying him to a magistrate in Leon County for examining trial. He was thereupon served with writ of habeas corpus issued by the Hon. T. W. Simmons, judge of the 67th Judicial District of Tarrant County, Texas. He immediately obeyed the writ by carrying the prisoner before the judge. The bond was then tendered and he again declined to receive or approve it for the reason he did not know the sureties, and told Judge Simmons he did not know the sureties and could not approve it. That Judge Simmons then addressed Mr. Wilson, attorney for the applicant, who had tendered the bond, and said, "If you will sign the bond, I will make the sheriff approve it." Mr. Wilson signed the bond and Judge Simmons ordered the witness to approve the identical bond tendered him, and to turn the prisoner loose, which he promptly did, and the prisoner, by order of the court entered upon the minutes, was released upon the bond presented in open court as shown by said order which was introduced in evidence. "Mr. Wilson was attorney for the bondsmen and for the defendant, and who tendered me the bond and had Judge Simmons to force me to take it, was a member of the firm of Stennis & Wilson who now represent the bondsmen in this suit."

There are several questions raised in regard to this appeal which we think fatal to its affirmance. It will be noticed that no judgment was taken against the principal in judgment nisi. Under our statute such a judgment nisi will not support a final judgment. See White's Code of Criminal Procedure, article 477, which provides that when forfeiture is taken the "judgment shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties the amount of money in which they are respectively

bound, which judgment shall state that the same will be made final, unless good cause be shown at the next term of the court why the defendant did not appear." Ellis v. State, 10 Texas Crim. App., 324. It has also been held that a judgment nisi is void unless rendered against the principal in the bond and all the sureties. Douglass v. State, 26 Texas Crim. App., 248. The statute settles this question however.

It will be noticed that the bond, in reciting the conditions, states that the principal was charged with burglary by complaint, and that upon a hearing of said complaint before W. P. St. John, a justice of the peace of Leon County, sitting as an examining court, said Robert Huntley was on the 11th day of August, 1910, required to enter into a bond in the sum of $2,000, to appear before the District Court at its next term to be begun and holden on the 23d of August. This bond shows that it was approved on the 13th day of August, 1910, and not on the 11th day of August, 1910, as stated in the pleadings, and that it was approved by the justice of the peace, W. P. St. John. The judgment nisi recites that the bond declared upon was entered into on the 11th day of August, 1910. The scire facias also recites the 11th day of August as the day of the execution of the bond, and calls for his appearance before the District Court on the 22d of August, 1910, to answer a charge in favor of the State of Texas and against him, presented in said District Court by complaint, with the offense of burglary.

The inconsistencies and variances as shown by the pleadings and bond are so patent that it is scarcely necessary to discuss them. The bond declared on in the pleadings was to the effect that it was taken before the justice of the peace in examining trial. The proof is, there was no examining trial; that the bond was taken in pursuance of an order by Judge Simmons in Tarrant County, and ordered to be there approved by the sheriff, and that it was approved under the command of said judge. The bond offered in evidence was approved by Justice of the Peace W. P. St. John in Leon County. The sheriff who had the prisoner in charge at the time the writ of habeas corpus was served upon him, and who under direction of Judge Simmons approved the bond, whose name was Vann, testified he approved the bond under the direction and by order of the district judge at Fort Worth. It is recited in the pleadings and citations that the bond was taken by virtue of a complaint filed in the District Court. The complaint was filed in the Justice Court and not in the District Court. All of these matters are apparent of record and shown by the pleadings and statement of facts, and are of such a nature that requires a reversal of the judgment.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*