Idalia CERVANTES, d/b/a Laly's Bail Bonds, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–98–007–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 27, 1998.

Rene B. Gonzalez, Brownsville, for Appellant.

Yolanda De Leon, District Attorney, Brownsville, for Appellee.

Before Chief Justice SEERDEN, and Justices HINOJOSA and CHAVEZ.

## OPINION

HINOJOSA, J.

This is an appeal from a judgment of forfeiture of a bail bond. In one issue, appellant, Idalia Cervantes, d/b/a Laly's Bail Bonds, contends the trial court lacked authority to enter a final judgment of forfeiture against her because the judgment *nisi* did not order that the State recover anything from her. We reverse and remand.

In September 1996, Cervantes, as surety, and Rene S. Velasquez, as principal, entered into a bail bond agreement which obligated Velasquez to appear and answer in the District Courts of Cameron County to the charge of possession of a controlled substance. Velasquez failed to appear at a hearing in January 1997, and the trial court granted the State a judgment *nisi*. On March 27, 1997, the trial court signed the judgment *nisi*, ordering that the State have and recover from Velasquez the sum of $5,000, unless good cause for his failure to appear was shown.

Cervantes was served with a citation which incorporated the judgment *nisi*. Cervantes answered by filing a general denial. A bench trial was held on November 7, 1997, and a final judgment of forfeiture was rendered against Velasquez and Cervantes. Cervantes filed a motion to modify, seeking to have her name removed from the final judgment of forfeiture. However, her motion was overruled by operation of law.

The substance of Cervantes's argument on appeal is two-fold: (1) there were no pleadings which requested recovery from Cervantes, and (2) the judgment *nisi* did not meet statutory requirements for validity because it did not include Cervantes as a party responsible to the State for the bond amount.

The portion of the judgment *nisi* that describes the bond and its conditions identifies Rene S. Velasquez as the principal and Laly's Bail Bonds as the surety. However, the final portion of the judgment *nisi* states:

It is therefore considered by the Court that the State of Texas is entitled to a forfeiture of said bail bond and it is ORDERED, ADJUDGED, AND DECREED by the court that the State of Texas do have and recover of and from the said [sic] as Principal, the sum of FIVE THOUSAND DOLLARS ($5,000.00) and that this Judgment will be made final unless a good cause be shown why said defendant/principal did not appear.

The trial court's final judgment of forfeiture provides, in relevant part:

no sufficient cause is shown why the defendants [sic] RENE S. VELASQUEZ, did not appear in this Court on the 16TH day of JANUARY, 1997, to answer the State of Texas on the charge by Indictment herein filed and then and there pending, accusing him/her of the offense of POSSESSION OF A CONTROLLED SUBSTANCE 96–CR–1525–E and that the Judgment Nisi heretofore rendered against the said defendants, RENE S. VELASQUEZ and LALY'S BAIL BONDS should be made final.

It is therefore ORDERED, ADJUDGED, AND DECREED by the Court that the State of Texas do have and recover of and from the said RENE S. VELASQUEZ as principal and LALY'S BAIL BONDS, as surety, the sum of FIVE THOUSAND DOLLARS ($5,000.00), and costs of suit for which let execution issue.

■ The case of *Huntley v. State*, 65 Tex. Crim. 275, 143 S.W. 1166 (Tex.Crim.App. 1912) is almost directly on point. In *Huntley*, a judgment *nisi* was entered against the sureties of a bail bond, but not against the principal. *Id.* at 1167. Later, the trial court entered final judgment against the principal and the sureties. *Id.* The court of criminal appeals reversed and remanded, holding that the judgment *nisi* could not form the basis of a final judgment due to the omission of the name of a party obligated under the bond. *See id.* (citing WHITE'S CODE CRIM.PROC. art. 477 (almost identically worded predecessor of TEX.CODE CRIM.PROC.ANN. art. 22.02 (Vernon

1989))). We can find no material distinction between this and the instant case.

The statute providing for forfeiture of a bail bond in effect in 1912 read:

> judgment shall be entered that the state of Texas recover of the defendant the amount of money in which he is bound, and of his sureties the amount of money in which they are respectively bound, which judgment shall state that the same will be made final, unless good cause be shown at the next term of the court why the defendant did not appear.

*Huntley,* 143 S.W. at 1167 (quoting WHITE'S CODE CRIM.PROC. art. 477). The present version of the statute providing for forfeiture of a bail bond reads:

> judgment shall be entered that the state of Texas recover of the defendant the amount of money in which he is bound, and of his sureties, if any, the amount of money in which they are respectively bound, which judgment shall state that the same will be made final, unless good cause be shown at the next term of the court why the defendant did not appear.

TEX.CODE CRIM.PROC.ANN. art. 22.02 (Vernon 1989).

■ The Texas Court of Criminal Appeals has held that " '[m]ust' and 'shall' are synonymous and are usually mandatory when used in statutes." *Carranza v. State,* 960 S.W.2d 76, 81 (Tex.Crim.App.1998) (J. Overstreet, concurring) (citing *Brinkley v. State,* 167 Tex.Crim. 472, 320 S.W.2d 855, 856 (1959)). Both the former and current versions of the statute clearly mandate entry of judgment *nisi* against both a defendant and his sureties in order to be valid.

Although the judgment *nisi* in this case identifies the principal and surety on the bond to be forfeited, it clearly does not order recovery against Laly's Bail Bonds. The final judgment, on the other hand, purports to finalize a judgment entered against Laly's Bail Bonds.

Because the judgment *nisi* does not comport with the statute, we hold it cannot support a final order of forfeiture against the surety and must be reversed. *See Huntley,* 143 S.W. at 1167.

The judgment of forfeiture is reversed, and the case is remanded to the trial court for further proceedings.