

**NUMBERS 13-06-00039-CV**
**13-06-00127-CV**
**13-06-00128-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**OCTAVIO CASTANEDA, INDIVIDUALLY,**
**AND  D/B/A O. CASTANEDA BAIL BONDS,**                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                      **Appellee.**

---

### On appeal from the 92nd and 370th District Courts
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION
### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

In each of three cases, appellant, Octavio Castaneda, individually and d/b/a O.

Castaneda Bail Bonds, appeals from a judgment forfeiting a bail bond.[1]  In each cause

---

[1] Although appellant is the same in each case, the principals and bond amounts differ. Nevertheless, the issue is the same in each appeal.  Furthermore, this Court granted Castaneda's motion for consolidation on October 5, 2006, for purposes of briefing.  Therefore, we address all three cases in one opinion.

number, by a single issue, Castaneda contends that the trial court abused its discretion by entering a final judgment in the bond forfeiture proceeding when American Surety Company ("American"), a necessary party, was never served. We reverse and render judgment in favor of Castaneda in cause numbers 13-06-127-CV and 13-06-128-CV, and we dismiss cause number 13-06-039-CV as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Castaneda is a bail bondsman and an agent of American.[2] He issued bail bonds for the principals in these three cases.

### A. Cause Number 13-06-127-CV

In cause number 13-06-127-CV, Castaneda was the executing agent on a $5,000 bail bond for principal Cesar Prado, who was charged with delivery of a controlled substance—cocaine. Prado failed to appear in court on June 7, 2001, and the trial court issued a judgment nisi on June 14, 2001. Castaneda filed a pro se verified first amended original answer on November 14, 2001, asserting that he should be absolved of all liability because, among other things, American, a necessary party to the bond, was not served with notice of the judgment nisi. On January 11, 2005, after a hearing, the trial court entered a final judgment on bond forfeiture in favor of the State for $5,000 plus costs of court and interest on the bond after forfeiture.

Castaneda filed a petition for bill of review on July 5, 2005, arguing that because American was not provided notice of the trial setting, he was entitled to an "exoneration on [the] bond in question." After a hearing on October 11, 2005, the trial court granted

---

[2] At all pertinent hearings and in all filings, the State referenced Castaneda as the surety of the bonds at issue.

Castaneda's petition for bill of review. The trial court conducted an additional hearing on February 16, 2006, and entered a final judgment of bond forfeiture in favor of the State the next day. The trial court concluded that Prado and Castaneda were jointly and severally liable for the $5,000 bail bond plus costs of court. Castaneda filed his notice of appeal on March 14, 2006. On August 15, 2006, Castaneda filed a supersedeas bond with the trial court for the full bond amount. *See* TEX. OCC. CODE ANN. § 1704.204(a)(2) (Vernon 2004).

**B. Cause Number 13-06-128-CV**

In cause number 13-06-128-CV, Castaneda was the executing agent on a $10,000 bail bond for principal Oscar Morales Rutiaga, who was charged with unlawful possession of marihuana. Rutiaga failed to appear in court on June 13, 2001. The trial court issued a judgment nisi on June 20, 2001. Castaneda filed a pro se verified first amended original answer on November 14, 2001, asserting, among other things, that because American was a necessary party to the bond and was not served with notice of the judgment nisi, he should be exonerated from complying with the judgment nisi. However, on January 11, 2005, the trial court entered a final judgment of bond forfeiture in favor of the State.

Castaneda filed a petition for bill of review on July 5, 2005, arguing that because American did not receive notice of the trial setting, he was entitled to an "exoneration on [the] bond in question." After a hearing, the trial court granted Castaneda's petition for bill of review on October 11, 2005. The trial court conducted an additional hearing on February 16, 2006, and entered a final judgment of bond forfeiture in favor of the State the next day. The trial court concluded that Rutiaga and Castaneda were jointly and severally liable for the $10,000 bail bond plus costs of court. Castaneda filed his notice of appeal on March 14, 2006. On August 15, 2006, Castaneda filed a supersedeas bond with the

3

trial court for the full bond amount. *See id.* § 1704.204(a)(2).

## C. Cause Number 13-06-039-CV

In cause number 13-06-039-CV, Castaneda was the executing agent on a $15,000 bail bond for principal Jose Garcia, who was charged with unlawful possession of marihuana in an amount exceeding fifty pounds but less than 2,000 pounds. Garcia failed to appear at a hearing on December 18, 1998, due to his deportation. As a result of his failure to appear, the trial court entered a judgment nisi. On June 21, 1999, the trial court conducted a trial on bond forfeiture, which resulted in a judgment in favor of the State.

On December 9, 2003, Castaneda filed a petition for bill of review. After a hearing on August 17, 2004, the trial court denied Castaneda's petition on January 6, 2006. Castaneda filed a pro se notice of appeal on January 11, 2006. On August 15, 2006, Castaneda filed a supersedeas bond with the trial court for the full bond amount. *See id.* § 1704.204(a)(2). Subsequently, the State filed a motion to dismiss the judgment nisi given that Garcia had "pled guilty or no contest." The trial court granted this motion on August 2, 2007.

## II. STANDARD OF REVIEW

Bond forfeitures are criminal matters. *State v. Sellers*, 790 S.W.2d 316, 321 (Tex. Crim. App. 1990). However, article 22.10 of the code of criminal procedure prescribes that civil rules shall govern all proceedings in the trial court following judgment nisi. TEX. CODE. CRIM. PROC. ANN. art. 22.10 (Vernon Supp. 2007).

In a bail bond forfeiture, the State has the burden of proof. *Kubosh v. State*, 241 S.W.3d 60, 63 (Tex. Crim. App. 2007) (citing *Deckard v. State*, 605 S.W.2d 918, 921 (Tex.

4

Crim. App. 1980)). "The essential elements of the State's cause of action in a bond forfeiture proceeding are the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi."[3] *Alvarez v. State*, 861 S.W.2d 878, 880-81 (Tex. Crim. App. 1992).

Under article 22.17, after a final judgment is entered in a bond forfeiture proceeding, the surety on the bond may file a special bill of review with the court requesting, on equitable grounds, that the final judgment be reformed and that all or part of the bond amount be remitted to the surety, less (1) the costs of court, (2) any reasonable costs to the county for the return of the principal, and (3) the interest accrued on the bond amount from the date of forfeiture. Tex. Code. Crim. Proc. Ann. art. 22.17(a) (Vernon 1989). Article 22.17 further states that the decision to grant or deny the bill of review, in whole or in part, is entirely within the discretion of the trial court. *Id.*; *see Lyles v. State*, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993); *see also Alkek v. State*, No. 13-05-00209-CV, No. 13-05-00210-CV, No. 13-05-00211-CV, No. 13-05-00212-CV, 2006 Tex. App. LEXIS 5335, at **2-3 (Tex. App.–Corpus Christi June 22, 2006, no pet.).

"In determining whether the trial court abused its discretion, we must determine if the judge acted without reference to any guiding rules and principles, or, in other words, whether the court acted arbitrarily or unreasonably." *Lyles*, 850 S.W.2d at 502; *Makeig v. State*, 802 S.W.2d 59, 62 (Tex. App.–Amarillo 1990), *aff'd*, 830 S.W.2d 956 (Tex. Crim. App. 1992). Article 22.17 does not contain any guidelines for the exercise of the court's

---

[3] A judgment nisi entered on a bail bond is not a final judgment but rather is in the nature of an interlocutory judgment. *State v. Sellers*, 766 S.W.2d 312, 314 (Tex. App.–Houston [14th Dist.] 1989), *aff'd*, 790 S.W.2d 316 (Tex. Crim. App. 1990). Therefore, the judgment nisi has no binding effect by itself. *Sellers*, 766 S.W.2d at 314. However, a judgment nisi becomes final if, after trial of the issues, no sufficient cause is shown why the principal failed to appear. *Id.*

discretion. *Lyles*, 850 S.W.2d at 502. As in the case where the surety seeks exoneration, a surety seeking a remittitur bears the burden of pleading and proving facts to justify his request. *See McKenna v. State*, 221 S.W.3d 765, 768 (Tex. App.–Waco 2007, no pet.).

### III. ANALYSIS[4]

In his sole issue in all three cases, Castaneda asserts that the trial court erred in concluding that the bail bonds in each of these cases should be forfeited to the State because the State failed to serve American, a named surety on each of the bonds at issue, with notice of the forfeiture proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 22.05 (Vernon Supp. 2007) (stating that a surety is entitled to notice by service of citation); *id.* art. 22.14 (Vernon 1989). Therefore, he claims that the trial court's judgment was not final because it did not dispose of all necessary parties and that the State cannot cure the service defect because the statute of limitations has run. *See id.* art. 22.18 (Vernon Supp. 2007) ("An action by the state to forfeit a bail bond under this chapter must be brought not later than the fourth anniversary of the date the principal fails to appear in court."). As a result, Castaneda argues that all or part of the bail bond should be remitted.[5] We construe these contentions as an attack on the final judgment and the judgment nisi entered by the trial court.

---

[4] The State has not filed an appellate brief in this matter.

[5] On bill of review in cause numbers 13-06-127-CV and 13-06-128-CV, Castaneda argued that he was entitled to an exoneration on the bonds in question. However, on appeal, Castaneda contends that he is entitled to a remitittur on all or part of the relevant bail bonds. We will therefore focus on Castaneda's arguments pertaining to remittitur. In any event, the record demonstrates that Castaneda is not entitled to exoneration because he does not fall within the purview of article 22.13 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 22.13 (Vernon Supp. 2007) (providing various causes which will exonerate).

6

## A. Jurisdiction

Our initial inquiry is always whether we have jurisdiction over an appeal. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Unless one of the sources of our authority specifically authorizes an interlocutory appeal, we only have jurisdiction over an appeal taken from a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). If the record does not affirmatively demonstrate our jurisdiction, we must dismiss the appeal. *See Garcia v. Comm'rs Court of Cameron County*, 101 S.W.3d 778, 784 (Tex. App.–Corpus Christi 2003, no pet.). A judgment is not final unless it disposes of all pending parties and claims in the record. *See Lehmann*, 39 S.W.3d at 205-06. In a bond forfeiture proceeding, a trial court's final judgment must be rendered against both the principal and the surety. *See* TEX. CODE CRIM. PROC. ANN. art. 22.14.

In this case, the record does not reflect that there were any pending claims unaddressed by the trial court. The only parties to the proceeding were the State, Castaneda, and the principals. Because there were no claims or parties not addressed by the court's final judgment, we conclude that the judgment is final for purposes of appeal. *See id.* art. 44.42 (Vernon 2006) ("An appeal may be taken by the defendant from every final judgment rendered upon . . . bail bond . . . where such judgment is for twenty dollars or more . . . ."); *Lehmann,* 39 S.W.3d at 205-06.

## B. Discussion of Cause Numbers 13-06-127-CV and 13-06-128-CV

Article 22.05 of the code of criminal procedure states that all sureties shall be entitled to notice by service of citation in the manner required in civil actions. TEX. CODE

7

CRIM. PROC. ANN. art. 22.05. In addition, article 22.03 provides that "[u]pon entry of judgment, a citation shall issue forthwith notifying the sureties of the defendant, if any, that the bond has been forfeited, and requiring them to appear and show cause why the judgment of forfeiture should not be made final." *Id.* art. 22.03(a) (Vernon Supp. 2007).[6] The names of all parties, including the principal and all sureties, are an essential part of the judgment nisi. *See Smith v. State*, 485 S.W.2d 787, 787 (Tex. Crim. App. 1972); *Joe's Bonding Co. v. State*, 481 S.W.2d 145, 146 (Tex. Crim. App. 1972) (holding that "[a] failure to name all the obligors in the judgment nisi is reversible error."); *see also Williams v. State*, No. 13-03-747-CV, 2005 Tex. App. LEXIS 6363, at **2-3 (Tex. App.–Corpus Christi Aug. 11, 2005, no pet.) (holding that in a bond forfeiture proceeding, a trial court's final judgment must be rendered against both the principal and the surety).

In cause numbers 13-06-127-CV and 13-06-128-CV, the record reflects that Castaneda was served with notice and appeared at the bond forfeiture proceedings.[7] However, nothing in the record demonstrates that American was properly served with notice of the proceedings. *See Gilbert*, 623 S.W.2d at 352 (noting that "it is essential that there be a strict compliance with the Rules of Civil Procedure relating to the issuance of citation, the manner and mode of service, and the return of process"). American neither

---

[6] Article 22.03 further provides that citation to a surety that is a corporation or other entity must be served to the attorney designated for service of process by the corporation or entity. TEX. CODE CRIM. PROC. ANN. art. 22.03 (Vernon Supp. 2007). The record does not establish that Castaneda is an attorney or was designated as American's agent for service of process in these cases.

[7] The trial court admitted Castaneda's "ASSUMED NAME RECORDS CERTIFICATE OF OWNERSHIP FOR UNINCORPORATED BUSINESS OR PROFESSION" at the February 16, 2006 hearing. This document establishes that O. Castaneda Bail Bonds is a sole proprietorship. David Jones, an employee of O. Castaneda Bail Bonds, testified at the February 16, 2006 hearing that Castaneda is merely an agent authorized to write bonds on behalf of American. Jones also testified that American was the corporate surety in these cases.

8

filed a waiver of service of process nor made an appearance in the trial court prior to the rendition of the final judgment.[8] It was incumbent upon the State to show that the trial court acquired jurisdiction over American by means of valid issuance of citation, service and return thereof. *See id.* ("Citations are materially defective and wholly insufficient to authorize a judgment by default, unless they contain the names of each and every defendant in the cause.") (citing *Portwood v. Wilburn*, 33 Tex. 713, 713 (1871)). Copies of the bail bonds at issue were introduced at the various hearings and each bail bond clearly provided an address for American and specifically noted that Castaneda was the "executing agent."[9]

Based on the fact that not all of the obligors on the bonds at issue were properly served with process, we conclude that the trial court erred in entering judgments solely against the principals and Castaneda in the underlying cause numbers. *See Huntley v. State*, 65 Tex. Crim. 275, 143 S.W. 1166, 1167 (Tex. Crim App. 1912) (stating that "a judgment nisi is void unless rendered against the principal in the bond and *all* the sureties" (emphasis added)). We further conclude that because American was not properly served, the trial court abused its discretion in determining that the bonds at issue should be forfeited. Accordingly, we sustain Castaneda's sole issue on appeal in cause numbers 13-

---

[8] With respect to service of process, article 22.04 provides that:

> A citation shall be sufficient if it be in the form provided for citations in civil cases in such court; provided, however, that a copy of the judgment of forfeiture entered by the court, a copy of the forfeited bond, and a copy of any power of attorney attached to the forfeited bond shall be attached to the citation and the citation shall notify the parties cited to appear and show cause why the judgment of forfeiture should not be made final.

*Id.* art. 22.04 (Vernon Supp. 2007).

[9] At the top-center of each of the bail bonds is the following language: "American Surety Company[,] P.O. Box 68932, Indianapolis, IN 46268".

06-127-CV and 13-06-128-CV.

## C. Discussion of Cause Number 13-06-039-CV

We do not, however, find Castaneda's contentions to be persuasive in cause number 13-06-039-CV.  As previously mentioned, in this case, the trial court granted the State's motion to dismiss the underlying judgment nisi because Garcia, the principal, had pleaded guilty or no contest.  Because Castaneda's appellate arguments serve as an attack on the final judgment and the underlying judgment nisi, the trial court's granting of the State's motion to dismiss the judgment nisi renders this cause moot.  *See Pharris v. State*, 165 S.W.3d 681, 687 (Tex. Crim. App. 2005) (stating that "[a] case that is moot is normally not justiciable"); *Duncan v. Evans*, 653 S.W.2d 38, 41 (Tex. Crim. App. 1990) (Onion, P.J., dissenting) (noting that when an order that is the subject of appeal has been vacated, the question presented is moot and that when a question becomes moot, the case should be dismissed); *see also* TEX. CODE CRIM. PROC. ANN. art. 22.01 (Vernon 1989).[10]  Accordingly, we overrule Castaneda's sole issue in cause number 13-06-039-CV.

## IV. CONCLUSION

In cause numbers 13-06-127-CV and 13-06-128-CV, we reverse the judgment of the trial court, and we render judgment in favor of Castaneda.[11]  With respect to cause

---

[10] Article 22.01 of the code of criminal procedure provides that a bond is forfeited when "*a defendant is bound by bail to appear and fails to appear in any court* in which such case may be pending and at any time when his personal appearance is required under this Code . . . a forfeiture of his bail and a judicial declaration shall be taken . . . ." *Id.* art. 22.01 (Vernon 1989) (emphasis added).

[11] On appeal, Castaneda argues that the statute of limitations has run and that the State is not entitled to re-institute the bond forfeiture proceedings by serving American. We agree. The record reflects that more than four years have elapsed since Prado and Rutiaga failed to appear in court in cause numbers 13-06-127-CV and 13-06-128-CV. *See* TEX. CODE CRIM. PROC. ANN. art. 22.18 (Vernon Supp. 2007) ("An action by the state to forfeit a bail bond under this chapter must be brought not later than the fourth anniversary of the date the principal fails to appear in court."). Because the State failed to serve American in the original bond

number 13-06-039-CV, we dismiss as moot.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 30th day of June, 2008.

forfeiture proceedings within the four-year statute of limitations period provided by article 22.18 of the code of criminal procedure, we render judgment in favor of Castaneda in cause numbers 13-06-127-CV and 13-06-138-CV. *See id.*

11