**In re Edgar Geer McKEE, M.D., Relator.**

No. 06–0055.

Supreme Court of Texas.

Nov. 30, 2007.

Brian S. Riepen, Scott P. Stolley, Stephen C. Rasch, Richard Barrett Phillips Jr., for Relator.

Robert W. Minshew, Kennedy & Minshew, P.C., Jack G. Kennedy, David M. Kennedy, Gary J. Campbell, T. Scott Smith, for Party In Interest.

PER CURIAM.

This petition for writ of mandamus concerns the validity of an administrative action taken by a presiding judge of an administrative judicial region after he had voluntarily recused from the case. Dr. Edgar Geer McKee sued Kennedy & Minshew, P.C. for legal malpractice in state district court. Judge Ray Grisham voluntarily recused from the case. Judge John D. Ovard, Presiding Judge of the First Administrative Judicial Region, who would ordinarily appoint a judge to replace Judge Grisham, also voluntarily recused. *See* Tex.R. Civ. P. 18a(c). Judge Ovard requested that the Chief Justice of the Supreme Court of Texas assign a replacement for Judge Grisham. *See* Tex. Gov't Code § 74.049(3). The Chief Justice appointed Judge Quay F. Parker. When Dr. McKee objected to Judge Parker, the Chief Justice appointed Judge John Delaney.

Meanwhile, Judge Grisham retired, and Judge Laurine Blake was elected to replace him. Judge Blake did not recuse herself from this matter, and Judge Delaney therefore asked the Chief Justice to withdraw his assignment to the case. Kennedy & Minshew then moved to recuse Judge Blake, but Judge Blake declined to recuse herself and referred the matter to

Presiding Judge Ovard to assign a judge to hear the motion. Judge Ovard assigned Judge Andrew Kupper to hear the recusal motion. *See* TEX.R. CIV. P. 18a(d). Judge Kupper granted the motion to recuse Judge Blake. The next day, Dr. McKee wrote to Presiding Judge Ovard reminding him that he had once recused himself and was therefore unauthorized to assign Judge Kupper. Judge Ovard refused to vacate that assignment and asked the Chief Justice to assign a judge to replace Judge Blake pursuant to Judge Kupper's ruling. Dr. McKee then filed this mandamus petition, arguing that Judge Ovard's assignment of Judge Kupper was void, and as a result, Judge Kupper's order recusing Judge Blake was invalid.

■ We now decide whether Dr. McKee is entitled to mandamus relief in this case. We have held that mandamus is not available for the denial of a motion to recuse. *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428–29 (Tex.1998); *but cf.* TEX.R. CIV. P. 18a(f) ("If the [recusal] motion is denied, it may be reviewed for abuse of discretion on appeal from the final judgment.").

A judge can either voluntarily recuse himself or, upon the filing of a verified motion for recusal, request the assignment of another judge to hear the recusal motion. TEX.R. CIV. P. 18a(a),(c). However, absent extraordinary circumstances, a presiding judge's order appointing a judge to hear a recusal motion is administrative—it simply transfers the power to decide the recusal motion to another judge. The question here is whether Judge Ovard could properly proceed with the assignment after his initial recusal. Texas Rule of Civil Procedure 18a(c) provides authority

for such an assignment but only if Judge Ovard's order states "good cause" for that action.

■ We see no meaningful distinction between our holding in *In re Union Pacific Resources Co.* and the situation presented here. In the former case, the judge was alleged to have acted when he was required to recuse; in this case, the judge is alleged to have acted after he voluntarily recused. In either instance, the relator has an appellate remedy. Our mandamus standards have evolved since *In re Union Pacific Resources Co.* We now ask whether "any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex.2004). Here, there is no significant benefit to mandamus relief.

The record does not present any reason—much less an extraordinary one—requiring Judge Ovard's initial recusal; nor does it reflect a ground for precluding his administrative assignment to another judge. While we agree that Rule 18a(c) compels Judge Ovard, who recused initially, to state good cause for later assigning Judge Kupper, "good cause" will ordinarily be inherent in the administrative nature of that assignment.[1] We decline to issue mandamus because, unless there are extraordinary circumstances otherwise requiring Judge Ovard's recusal, he need only revise his order to state that his assignment of Judge Kupper is a purely administrative act.

Accordingly, we deny Dr. McKee's petition for writ of mandamus.

---

1. *See, e.g.,* Letter from the Chief Justice of the Supreme Court of Texas to Ronald Earle and Dick DeGuerin (Nov. 4, 2005), *available at* http://www. supreme.courts.state.tx.us/advisories/Recusal_response.pdf (noting that interest in the preservation of judicial resources and in ensuring the efficient administration of the judicial process permits a judicial officer to decline a recusal motion and perform purely administrative functions).