In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00090-CV

                                                ______________________________

 

 

 

                                                 IN
RE:  JOHNNY M. STAFFORD

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM OPINION

 

            Johnny M. Stafford has filed with
this Court a document styled as a request for an injunction against the
Honorable Paul Banner, with a related request for emergency relief.  We deem it to be a petition for writ of
mandamus.  Stafford has an appeal pending
before this Court which is currently awaiting a hearing on his claim of indigency.  Stafford
filed this petition, which was received the afternoon of August 24, asking this
Court for the emergency relief of staying the hearing on indigency,
which he states is set for August 25 at 9:00 a.m.

            Stafford states that he filed a
motion to recuse with the trial court.  He has not attached a copy of that motion or
any supporting documentation and does not indicate what action, if any, has
been taken in connection with that request.

            His stated reason for relief is
because “Plaintiff has filed as of August 22 a motion to recuse
along with this motion.  Judge Banner has
deliberately set the date for August 25, 2011 to block a review of the record
in order to conceal evidence in the case.” 
Below that, Stafford has allegations and argument about illegal
procedures being used and complaints about not being able to obtain free
service of citation in lawsuits he has filed.

            Stafford then asserts that a writ of
mandamus would issue against the trial judge for failure to recuse
and for holding an indigency hearing in two cases at
the same time.

            We grant the extraordinary relief of
mandamus only when the trial court has clearly abused its discretion and the relator lacks an adequate appellate remedy.  In re
Team Rocket, L.P., 256 S.W.3d 257
(Tex. 2008) (orig. proceeding).  The
party seeking the writ of mandamus has the burden of showing that the trial
court abused its discretion and that appeal is an inadequate remedy.  In re
E. Tex. Med. Ctr. Athens, 154
S.W.3d 933, 935 (Tex. App.—Tyler 2005, orig. proceeding).  The general rule is that mandamus is not
available for the denial of a motion to recuse—it may
be reviewed for abuse of discretion on appeal from the final judgment.  In re
McKee, 248 S.W.3d 164, 165 (Tex. 2007) (orig. proceeding) (per curiam); In re Union
Pac. Res. Co., 969 S.W.2d 427, 428–29 (Tex. 1998) (orig. proceeding).  Further, the mere filing of a motion to recuse does not provide a ground for mandamus relief.  We will assume that the trial court will
handle this as the law dictates under the circumstances.

            Stafford has not provided this Court
with a record of any sort, and thus has not properly supported his petition for
writ of mandamus.  See Tex. R. App. P.
52.3, 52.7.  Further, the document is not
sworn as is required.  See Tex.
R. App. P. 52.3(j).  Even if we
treated this document as the motion for injunction as it is styled, we have the
authority to issue writs other than mandamus only as necessary to “enforce the
jurisdiction of the court.”  Tex. Gov’t Code Ann.
§ 22.221 (West 2004).  The
allegations in this document do not show any such threat to our jurisdiction;
thus, the request would also fail on that ground.

            We
overrule the request for emergency stay and deny the petition for writ of mandamus.

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          August
24, 2011

Date Decided:             August
24, 2011






small-caps">Tex. R. App. P. 38.1(h) requires a brief to "contain a clear and
concise argument for the contentions made, with appropriate citations to authorities and to the
record." Mosby's brief on this point is wholly inadequate in its citation to the record and fails to
provide a clear and concise argument concerning how the facts of his case relate to the requirements
of a claim for fraud. By failing to properly brief this issue, Mosby has waived this point of error. 
Cf. McCarthy v. State, 65 S.W.3d 47, 49 n.2 (Tex. Crim. App. 2001) (appellant failed to explain how
factual record supported point of appeal; point of error waived for failing to adequately brief issue).
            Furthermore, the record in this case shows Mosby pled guilty to the charged offense and his
plea was entered willingly, knowingly, and voluntarily. As such, even if we were to find Mosby had
adequately presented this issue for review, the record does not support his claim that his conviction
was a product of anything other than his voluntary guilty plea.
 
 
 
 
 
Conclusion
            For the reasons set forth above, we affirm the trial court's judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          January 28, 2004
Date Decided:             January 29, 2004

Do Not Publish