

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00090-CV

_____

IN RE:   JOHNNY M. STAFFORD

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Johnny M. Stafford has filed with this Court a document styled as a request for an injunction against the Honorable Paul Banner, with a related request for emergency relief. We deem it to be a petition for writ of mandamus. Stafford has an appeal pending before this Court which is currently awaiting a hearing on his claim of indigency. Stafford filed this petition, which was received the afternoon of August 24, asking this Court for the emergency relief of staying the hearing on indigency, which he states is set for August 25 at 9:00 a.m.

Stafford states that he filed a motion to recuse with the trial court. He has not attached a copy of that motion or any supporting documentation and does not indicate what action, if any, has been taken in connection with that request.

His stated reason for relief is because "Plaintiff has filed as of August 22 a motion to recuse along with this motion. Judge Banner has deliberately set the date for August 25, 2011 to block a review of the record in order to conceal evidence in the case." Below that, Stafford has allegations and argument about illegal procedures being used and complaints about not being able to obtain free service of citation in lawsuits he has filed.

Stafford then asserts that a writ of mandamus would issue against the trial judge for failure to recuse and for holding an indigency hearing in two cases at the same time.

We grant the extraordinary relief of mandamus only when the trial court has clearly abused its discretion and the relator lacks an adequate appellate remedy. *In re Team Rocket*, *L.P.*, 256

S.W.3d 257 (Tex. 2008) (orig. proceeding). The party seeking the writ of mandamus has the burden of showing that the trial court abused its discretion and that appeal is an inadequate remedy. *In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 935 (Tex. App.—Tyler 2005, orig. proceeding). The general rule is that mandamus is not available for the denial of a motion to recuse—it may be reviewed for abuse of discretion on appeal from the final judgment. *In re McKee*, 248 S.W.3d 164, 165 (Tex. 2007) (orig. proceeding) (per curiam); *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428–29 (Tex. 1998) (orig. proceeding). Further, the mere filing of a motion to recuse does not provide a ground for mandamus relief. We will assume that the trial court will handle this as the law dictates under the circumstances.

Stafford has not provided this Court with a record of any sort, and thus has not properly supported his petition for writ of mandamus. *See* TEX. R. APP. P. 52.3, 52.7. Further, the document is not sworn as is required. *See* TEX. R. APP. P. 52.3(j). Even if we treated this document as the motion for injunction as it is styled, we have the authority to issue writs other than mandamus only as necessary to "enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221 (West 2004). The allegations in this document do not show any such threat to our jurisdiction; thus, the request would also fail on that ground.

We overrule the request for emergency stay and deny the petition for writ of mandamus.


Josh R. Morriss, III
Chief Justice

Date Submitted:       August 24, 2011
Date Decided:         August 24, 2011