

# NUMBER 13-13-00346-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

STEVE SCHWERIN,                                                          Appellant,

v.

NUECES COUNTY JUVENILE
BOARD, NUECES COUNTY, TEXAS,                                            Appellee.

## On appeal from the 214th District Court of
## Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides and Perkes
### Memorandum Opinion by Justice Garza

Appellant, Steve Schwerin, appeals an order granting appellee Nueces County,

Texas's plea to the jurisdiction. By three issues, appellant complains that: (1) the

Honorable Manuel Bañales, former Presiding Judge of the Fifth Administrative Judicial Region, erred by failing to recuse or disqualify himself or properly refer appellant's motion to disqualify; (2) Judge Jose Luis Garza erred by cancelling and resetting a May 27, 2010 hearing without adequate notice; and (3) Judge Bañales and Judge Garza erred by failing to either recuse themselves or forward appellant's motion to recuse to an appropriate judge. Because appellant has failed to show that Judge Bañales was disqualified by having a direct pecuniary or property interest in the subject matter of the underlying case, the appeal is untimely, and we dismiss for want of jurisdiction.

## I. BACKGROUND[1]

Appellant sued Nueces County, the Nueces County Juvenile Board (collectively "Nueces County" or "the County"), and Michael L. Lindsey d/b/a Nestor Consultants, Inc. ("Lindsey") for claims related to appellant's termination as the Chief Juvenile Probation Officer of Nueces County in 2006. On August 25, 2009, as Presiding Judge of the Fifth Administrative Judicial Region, Judge Bañales assigned Judge Garza to hear the case. Nueces County filed a plea to the jurisdiction, maintaining that it was immune from suit on all of appellant's claims. On May 26, 2010, the day before the hearing on the County's plea, appellant filed a "Motion to Disqualify and Declare all Orders in this Matter by Judge J. Manuel Bañales Void." In the motion, appellant requested that Judge Bañales either disqualify himself or request assignment of another judge to the case.[2] By written order

---

[1] We note that the same factual and procedural background was detailed in an earlier opinion of this Court, *Schwerin v. Nueces County Juvenile Bd.*, No. 13-10-00451-CV, 2012 WL 1964557 (Tex. App.—Corpus Christi May 31, 2012, no pet.) (mem. op.). We repeat the relevant background here for the reader's convenience.

[2] Appellant's motion asserted that Judge Bañales was a member of the Nueces County Juvenile Board ("the Board"), and because appellant's petition asserted claims against the Board, Judge Bañales therefore "ha[d] an interest" in the matter.

2

signed on May 27, 2010, Judge Garza sustained the County's plea and dismissed appellant's claims against the County.

On June 25, 2010, appellant filed a "Motion for New Trial, Motion to Disqualify and Declare All Orders in the Matter by Judge J. Manuel Bañales Void, Motion to Recuse Judge J. Manuel Bañales and Jose Luis Garza, and Motion to Conduct Evidentiary Hearing." Also on June 25, 2010, appellant filed a "Motion to Sever" his claims against the County from his claims against Lindsey, stating that he sought the severance to permit an appeal of the May 27, 2010 order. The trial court did not rule on either motion. On August 11, 2010, appellant appealed the trial court's May 27, 2010 order granting the County's plea to the jurisdiction.

This Court held that because the order granting the County's plea to the jurisdiction did not dispose of all parties, it was interlocutory. *See Schwerin v. Nueces County Juvenile Bd.*, No. 13-10-00451-CV, 2012 WL 1964557, at *1 n.2 (Tex. App.—Corpus Christi May 31, 2012, no pet.) (mem. op.). We further held that the appeal was untimely because it was not filed within twenty days of the trial court's order. *See id.* (citing Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West, Westlaw 2013 through 3d C.S.); Tex. R. App. P. 26.1(b)). We dismissed the appeal for want of jurisdiction. *Id.* at *3. We noted that appellant was free to obtain a severance order and appeal the judgment as a final order. *Id.* at *1 n.2.

On July 18, 2012, appellant filed a motion to sever his claims against the County from the claims against Lindsey. On August 23, 2012, Judge J. Rolando Olvera, who had by then replaced Judge Bañales as Regional Presiding Judge, appointed Judge Martin Chiuminatto to hear appellant's June 25, 2010 motion to disqualify Judge Bañales and to

3

recuse Judge Bañales and Judge Garza. Following a hearing on September 27, 2012, Judge Chiuminatto denied appellant's motion to disqualify Judge Bañales and to recuse Judge Bañales and Judge Garza.

On January 4, 2013, Judge Garza signed an order severing the claims against the County from the claims against Lindsey, thereby rendering the May 27, 2010 order granting the County's plea to the jurisdiction a final appealable order. The January 4, 2013 severance order is signed by appellant's counsel and counsel for the County. The record contains a "transmission verification report" reflecting that the January 4, 2013 severance order was faxed to appellant's counsel's office on January 7, 2013. After Judge Garza signed the severance order on January 4, 2013, he recused himself that same day.

On February 13, 2013, Presiding Judge Olvera appointed Judge Alex W. Gabert to preside over the remaining claims against Lindsey. On May 13, 2013, appellant filed a second motion to sever his claims from the claims against Lindsey. The motion—which is identical to the July 18, 2012 motion—did not mention that Judge Garza had already granted a severance on January 4, 2013. On June 13, 2013, Judge Gabert signed a second severance order.

On July 10, 2013, appellant filed a notice of appeal in the trial court seeking to challenge the granting of the County's plea to the jurisdiction.[3] Appellant also filed in this Court a motion for leave for extension of time to file a notice of appeal. In the motion,

---

[3] We note that the January 4, 2013 severance order assigns the severed claims against the County the trial court cause number 06-6073-F-A. The June 13, 2013 severance order contains the original cause number 06-6073-F. We also note that, in the notice of appeal, appellant states, without explanation, that Judge Garza signed a severance order on January 4, 2013, that the case was "subsequently assigned" to Judge Gabert, and that Judge Gabert signed a severance order on June 13, 2013.

4

appellant states: (1) that Judge Gabert rendered a severance order on June 13, 2013; (2) that the appeal is an "accelerated appeal"; (3) that the notice of appeal was due on or before July 3, 2013; and (4) that the request for an extension of time was filed within fifteen days of the deadline for filing the notice of appeal in accordance with rule of appellate procedure 26.3. *See* TEX. R. APP. P. 26.3. The motion does not mention the January 4, 2013 severance order.

## II. DISCUSSION

Issues related to our jurisdiction over an appeal may be raised by the parties or on our own motion at any time. *See Hartford Underwriters Ins. v. Mills*, 110 S.W.3d 588, 590 n.1 (Tex. App.—Fort Worth 2003, no pet.). When we determine that we do not have jurisdiction over an appeal, we must dismiss the appeal. *See N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex. 1990).

Generally, a notice of appeal must be filed within 30 days after the order or judgment is signed, or within ninety days if certain exceptions apply. *See* TEX. R. APP. P. 26.1. Here, the May 27, 2010 order granting the County's plea to the jurisdiction became a final appealable order on January 4, 2013 when Judge Garza signed the severance order. *See Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 313 (Tex. 1994) ("When a severance order takes effect, the appellate timetable runs from the signing date of the order that made the judgment severed 'final' and appealable."); *McRoberts v. Ryals*, 863 S.W.2d 450, 452–53 (Tex. 1993) (explaining that an order severing part of a lawsuit is effective when it is signed). Appellant therefore had thirty days from January 4, 2013, the date the severance order was signed, in which to file a notice of appeal. *See* TEX. R. APP. P. 26.1. He filed his notice of appeal and motion for extension of time six months

5

later, on July 10, 2013, well outside the applicable deadlines. *See* TEX. R. APP. P. 26.3. The appeal, therefore, was untimely filed. *See* TEX. R. APP. P. 26.1.

Appellant's second motion to sever was granted on June 13, 2013. However, the order dismissing the County from the suit became final on January 4, 2013, and the trial court had no jurisdiction over claims against the County in subsequent proceedings. *See Estate of Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex. 1994) (orig. proceeding) (holding trial court had no jurisdiction to reinstate case after expiration of its plenary jurisdiction).

On July 12, 2013, the County filed a motion to dismiss for lack of jurisdiction on grounds that appellant's appeal was untimely filed. On August 20, 2013, this Court denied the County's motion to dismiss and granted appellant's motion for leave for extension of time to file a notice of appeal. We now withdraw our August 20, 2013 rulings on both motions, deny appellant's motion for leave for extension of time, and grant the County's motion to dismiss the appeal for want of jurisdiction.

Appellant argues that we have jurisdiction because all orders rendered by Judge Bañales, including the order appointing Judge Garza, are void, and that the severance order is therefore also void. Specifically, appellant argues that Judge Bañales is disqualified because he has an "interest" in the matter in controversy. According to appellant, Judge Bañales has a "direct interest in the outcome of this matter" because he participated in the termination of appellant's employment and is a "material witness" in the matter. Appellant argues that because Judge Bañales is disqualified, all orders issued by him, including the assignment of Judge Garza, are void. *See Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 148 (Tex. 1982). "However, for a judge to be disqualified,

6

the interest must be a direct pecuniary or property interest in the subject matter of the litigation." *McKenna v. State*, 221 S.W.3d 765, 767 (Tex. App.—Waco 2007, no pet.); *see Bank of Tex., N.A. v. Mexia*, 135 S.W.3d 356, 360–61 (Tex. App.—Dallas 2004, pet. denied) ("The interest of a judge, in order that he would be disqualified, must, in general, be a direct pecuniary or property interest in the subject matter of the litigation."). In *McKenna*, the appellant, a professional bondsman, argued that the trial judge who presided over his bill of review hearing was disqualified because he had an "interest" in the case because the judge was a member of the county bail bond board that had suspended the appellant's bail bond license. *McKenna*, 221 S.W.3d at 767–68. The Waco Court of Appeals held that disqualification was not required and that "[s]imply because the trial judge serves on the Bail Bond Board and has presided over cases involving a party in the past is not sufficient for disqualification." *Id.* at 768. Here, appellant failed to show that Judge Bañales had a pecuniary or property interest in the subject matter at issue, and therefore, failed to show he was disqualified. *See id.* We therefore disagree with appellant that the order appointing Judge Garza, or the severance order rendered by Judge Garza, are void.

Moreover, a presiding administrative judge—even a judge who has voluntarily self-recused—is not precluded from assigning a case to another judge because such an assignment is a purely administrative act. *See In re McKee*, 248 S.W.3d 164, 165 (Tex. 2007) (orig. proceeding) (per curiam); *see also Zurita v. Lombana*, 322 S.W.3d 463, 471 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (holding that order of a district judge who recused herself and subsequently, in her capacity as administrative judge, assigned case to another judge, was not void).

7

## IV. Conclusion

We dismiss the appeal for want of jurisdiction.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
3rd day of April, 2014.