**Affirmed and Opinion Filed August 20, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00958-CV

**LAKEITH AMIR-SHARIF, Appellant**
**V.**
**TEXAS DEPARTMENT OF FAMILY & PROTECTIVE SERVICES, Appellee**

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-09-7655**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Schenck
Opinion by Justice Bridges

Lakeith Amir Sharif appeals the trial court's June 5, 2013 order of modification in the underlying suit affecting the parent-child relationship. The order appoints appellant possessory conservator of his child I.L.S. and appoints I.L.S.'s mother (Mother) managing conservator. In a pro se brief, appellant raises eighteen issues challenging the trial court's actions. We affirm the trial court's judgment.

In 2009, the state attorney general's office filed a petition to establish appellant's parent-child relationship with I.L.S. On October 8, 2009, the trial court held a hearing on the petition and signed a default order declaring appellant the child's biological father. The order appointed appellant managing conservator but noted appellant was incarcerated and declined to make an order regarding child support and health insurance coverage. Although appellant did not appear

due to his incarceration, the default order erroneously stated he was present at the hearing. Appellant appealed the default judgement, and a panel of this Court reversed and remanded the default judgement on March 15, 2011, based on appellant's lack of notice.

On remand, appellant filed various motions with the trial court, including a petition to change the child's name. In August 2011, appellant requested a hearing on the motions. Appellant made his fourth and fifth requests for a hearing on the motions in September 2011. On November 16, 2011, the Mother filed a response to appellant's petition to change the child's name in which she requested that the child's name remain unchanged.

On August 16, 2012, the Texas Department of Family Protective Services initiated action to terminate appellant's parental rights. Appellant filed his answer to the department's termination suit in October 2012. From October 2012 through February 2013, appellant filed several motions, including a petition to have the court order electronic communication with his daughter, and a motion to recuse the trial court judge. The Regional Presiding Judge denied appellant's motion to recuse in March 2013.

Appellant was present by phone for a hearing on April 9, 2013. After a recess to allow appellant to come to the phone at the prison law library, appellant claimed he had not received notice of the hearing and objected. The Department showed a certified letter providing appellant with notice. Appellant complained the certified letter did not notify prison staff of the hearing and subsequently ended the call. The trial judge said, "I will note for the record that Mr. Sharif, who was on the phone – he's incarcerated in the Ramsey Unit and he was on the phone and he has ended the phone call. So we will go forward with the hearing at this time."

I.L.S.'s CPS case worker testified I.L.S. was currently placed with S.B., and the Department had reached an agreement with Mother that I.L.S. would be returned to Mother and Mother would be appointed managing conservator. The Department ultimately nonsuited the

termination action against appellant, and the trial court denied all motions not granted. On June 5, 2013, the trial court signed an "order in suit affecting the parent-child relationship." The June 5, 2013 order stated, in part:

> The Court further FINDS that all of the following orders are in the best interest of the subject child. The Court appoints [mother] as Managing Conservator of the child: [I.L.S.]. The Court appoints LAKEITH AMID-SHARIF as a Possessory Conservator of the child· [I.L.S.].

> The Court finds the following possession and access are in the best interest of the child due to the facts and circumstances of this matter. LAKEITH AMIR-SHARIF shall have no possession and access to the child until Father is released from prison and further order of the Court.

> The order also appointed S.B., the child's aunt, as possessory conservator. This appeal followed.

At the outset, we note an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *accord Cruz v. Van Sickle*, 452 S.W.3d 503, 511 (Tex. App.—Dallas 2014, no pet.). We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Washington v. Bank of N.Y.*, 362 S.W.3d 854-55 (Tex. App.—Dallas 2012, no pet.). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Washington*, 362 S.W.3d at 854. "Appellant has the burden to present and discuss his assertions of error in compliance with the appellate briefing rules." *Cruz*, 452 S.W.3d at 511. "When a party fails to adequately brief a complaint, he waives the issue on appeal." *Washington*, 362 S.W.3d at 854-55. "Bare assertions of error, without argument or authority, waive error. *Id.* at 854 (citing *Sullivan v. Bickel & Brewer*, 943 S.W.3d 477, 486 (Tex. App.—Dallas 1995, writ denied); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994)).

–3–

Trial courts have wide discretion to determine a child's best interest, including issues of custody, control, possession and visitation. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied). This is because the trial court is in the best position to observe the demeanor and personalities of the parties and witnesses and to evaluate credibility, influences, and other forces that are not discernible from a cold record. *In re Herd*, 537 S.W.2d 950, 952 (Tex. App.—Amarillo 1976, writ ref'd n.r.e.); *In re T—*, 715 S.W.2d 416, 418 (Tex. App.—Dallas 1986, no writ); *In re J.R.D.*, 169 S.W.3d 740, 743 (Tex. App.—Austin 2005, pet. denied). Appellate courts will reverse a trial court's determination of conservatorship only if a review of the entire record reveals the trial court's decision was arbitrary or unreasonable. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007); *Patterson v. Brist*, 236 S.W.3d 238, 23940 (Tex. App.—Houston [1st Dist.] 2006, pet dism'd). A trial court does not abuse its discretion "as long as some evidence of a substantive and probative character exists to support the trial court's decision." *In re W.M.*, 172 S.W.3d 718, 725 (Tex. App.—Fort Worth 2005, no pet.). Further, the evidence is viewed in the light most favorable to the trial court's decision, and every legal presumption is indulged in favor of its judgment. *Holley*, 864 S.W.2d at 706.

In his first issue,[1] appellant argues "In light of the heightened due process protection requirements and the uncontradicted record the trial court reversibly erred by not dismissing the [Department's] frivolous termination suit against the appellant." Appellant argues "the trial court's failure to dismiss the [Department's] frivolous suit against appellant sua sponte constitutes an abuse of discretion." In effect, appellant argues the trial court should have, without conducting a hearing or considering any evidence, dismissed the Department's case

---

[1] We not that all of appellant's issues attacking the suit to terminate his parental rights are moot because the Department non-suited the termination suit. However, in the interest of justice, we have addressed appellant's issues to the extent they are preserved for our review.

against him because "there was no realistic probability the statutorily required 'clear and convincing' evidence could be proffered in order for a fairminded factfinder to form a firm belief or conviction that any of the [Department's] allegations against the appellant were in fact true." Appellant cites no authority for his argument that the trial court should have independently and peremptorily dismissed the case against him based on a threshold determination that it was impossible for the State to prove its case. Therefore, appellant has waived this issue. *See Washington*, 362 S.W.3d at 854-55. To the extent appellant complains the trial court abused its discretion in failing to conduct a hearing and "consider and render decisions on 'ALL' of the appellant's pending pleadings," we conclude this bare assertion of error presents nothing for our review. *Id.* at 854. We overrule appellant's first issue.

In his second issue, appellant argues "the trial court abused its discretion by failing to correctly apply the law to the facts and effectively terminating the Appellant's rights while erroneously appointing the child's mother as sole managing conservator despite the clear and convincing evidence against the mother's appointment because of years of exposing the child to dangerous home environment and abuse and neglect." Appellant's parental rights were not terminated. Appellant cites no authority to support his argument that the trial court's actions "effectively terminated" his parental rights. To the extent appellant argues he should remain "joint managing conservator just as he had previously been appointed," our review of the record does not reveal the trial court's decision to make appellant possessory conservator was arbitrary or unreasonable. *See In re J.A.J.*, 243 S.W.3d at 616. We overrule appellant's second issue.

In his third issue, appellant argues "the trial court reversibly erred by failing to correctly apply the law to the facts and require the Appellee TDFPS to proffer 'clear and convincing' before granting the TDFPS any relief sought; which naturally and adversely affected Appellant's parental rights in any manner. No Evidence was proffered to support the trial court's orders." In

–5–

his fourth issue, appellant makes essentially the same argument. The record shows the trial court conducted numerous hearings at which the Department presented evidence that appellant was in prison, and a Department case worker testified it was in I.L.S.'s best interest to be placed with Mother. The trial court determined appellant's request to place I.L.S. in the home of relatives in Florida was not in the child's best interest and Mother had successfully completed all services requested by the Department. The trial court further determined it was in the best interest of the child that appellant not have access to the child until he was released from prison and "further order of the court." We conclude the evidence supported the trial court's determinations, and the trial court's determinations were not arbitrary or unreasonable. *See In re J.A.J.*, 243 S.W.3d at 616. We overrule appellant's third and fourth issues.

In his fifth issue, appellant argues, "by knowing and intentionally disregarding Appellant's timely jury trial request made in response to the TDFPS termination suit, the trial court committed reversible error." Appellant requested a jury trial in his October 29, 2012 pro se answer to the Department's petition. However, appellant did not bring his demand for a jury to the trial court's attention, did not raise the issue again, and did not object to the hearings going forward before the court. Although a party perfects its right to a jury trial in accordance with rule of civil procedure 216, if the trial judge instead proceeds to trial without a jury, the party must, in order to preserve any error by the trial judge, wither object on the record or indicate affirmatively in the record it intends to stand on its perfected right to a jury trial. *Vardilos v. Vardilos*, 219 S.W.3d 920, 923 (Tex. App.—Dallas 2007, no pet.). We conclude appellant failed to preserve this issue for our review. *See id.* We overrule appellant's fifth issue.

In his sixth issue, appellant argues his "'non-participation' in the April 9, 2013, bench trial's decision-making events constitutes reversible error." The record shows appellant, after complaining he did not receive proper notice of the hearing, hung up the telephone. Appellant

argues the trial court should have called him back. On the contrary, a party cannot complain on appeal that the trial court took a specific action that the complaining party requested, a doctrine commonly referred to as the "invited error" doctrine. *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005). Similarly, appellant cannot complain of his "non-participation in the April 9, 2013 hearing where the record shows appellant made the decision to hang up the phone and absent himself from the proceedings. *See id.* Appellant cites no authority to support his argument the trial court was under some duty to pursue him via telephone after he had hung up. We overrule appellant's sixth issue.

In his seventh issue, appellant argues that, because [I.L.S.] "has been a victim of identity theft since about age 3, good cause existed for a change of name; and the trial court abused its discretion by denying the name change motion." We review the trial court's decision whether to grant a name change under an abuse of discretion standard. *In re Guthrie*, 45 S.W.3d 719, 723 (Tex. App.—Dallas 2001, pet. denied). The standards for changing the name of a minor are controlled by the Texas Family Code. The family code provides that "[t]he court may order the name of a child changed if the change is in the best interest of the child." TEX. FAM. CODE ANN. § 45.004(a) (Vernon 1996); *In re Guthrie*, 45 S.W.3d at 723-24. The general rule is that courts will exercise the power to change a child's name reluctantly and only when the substantial welfare of the child requires it. *In re Guthrie*, 45 S.W.3d at 724. A parent's interest and desire is only a secondary consideration. *Id.* Texas has no statute giving the right to name a child to either parent. *Id.* However, the name chosen by one of the parents will not be changed unless the dissident parent shows a good reason for such change. *Id.*

At a June 1, 2012 hearing, Mother testified I.L.S.'s name should remain the same. Appellant interrupted, stating "I object to that name." When appellant had the opportunity to cross examine Mother, he did not ask her any questions about identity theft. Instead, appellant

–7–

interjected his statement that I.L.S.'s name was an issue when Mother brought her home from the hospital because appellant "had agreed on one part of the name and [Mother] had agreed on a part." Appellant stated that, when I.L.S. was brought home, her name was "not what we agreed on." I.L.S.'s guardian ad litem testified I.L.S. wanted to keep her name the same.

When the trial court permitted appellant to testify, appellant testified the reasons for the name change were, first, that "we agreed on the name" and, second, that "family members" of Mother's husband, Eric Glenn, had "the child's social and the child's name and they have used it." Appellant testified, "I know for a fact in 2008 they used it to try and file for income tax." Appellant stated, "My daughter will grow up automatically with bad credit with her name run through the mud already."

As the finder of fact and sole judge of the credibility of the witnesses in termination of parental rights proceedings, the trial court is free to disregard any or all of the parents' self-serving testimony. *In re S.R.*, 452 S.W.3d 351, 365 (Tex. App.—Houston [14th Dist.] 2014, pet denied). Thus, to the extent appellant argued I.L.S. was the victim of identity theft, the trial court was free to disbelieve appellant's testimony. *See id.* We overrule appellant's seventh issue.

In his eighth issue, appellant argues that, "by knowing [sic] and intentionally refusing and failing to conduct a hearing, consider, and render decisions on Appellant's pending motions and request the trial court committed reversible error." Appellant does not state with specificity which motions are at issue, whether the trial court took any action with respect to the motions, and what the motions addressed. Thus, appellant has waived this issue. *Washington*, 362 S.W.3d at 854. We overrule appellant's eighth issue.

In his ninth issue, appellant complains "the trial court reversible erred by completely depriving Appellant of the right to conduct discovery in the underlying 'contested' litigation.

This deprived Appellant of meaningful opportunity to proffer an adequate defense against the governments two suits." Again, appellant does not state with specificity what discovery was sought or denied. Appellant has waived this issue. *See Washington*, 362 S.W.3d at 854. We overrule appellant's ninth issue.

In his tenth issue, appellant argues that, "By refusing and failing to file the mandatory findings of facts and conclusions of law required by Tex. Fam. Code § 153.072, the trial court deprived Appellant of due process, due course of law, equal protection, equal access to open courts, and the right to petition for redress. As a result, the trial court has committed reversible error." Because the trial court refused and failed to file the mandatory findings of facts and conclusions of law required by Tex. Fam Code § 153.072, appellant argues, this court must guess at the trial court's reasoning for the order that "essentially operated to terminate Appellant's parental rights." Section 153.072 of the family code states, "The court may limit the rights and duties of a parent appointed as a conservator if the court makes a written finding that the limitation is in the best interest of the child. TEX. FAM. CODE ANN. § 152.072 (West 2014). Contrary to appellant's assertions, both the March 18, 2013 order and the June 5, 2013 order contain written findings that the orders are in the best interest of the subject child. We overrule appellant's tenth issue.

In his eleventh issue, appellant argues "The trial court abused its discretion and reversibly erred by appointing 'Alleged' maternal aunt S.B. as possessory conservator, against Appellant's wishes and while completely depriving Appellant the ability to contest and be heard on the issue against S.B.'s appointment." On the contrary, the record shows that, at the April 9, 2013 hearing, a CPS case worker testified I.L.S. was placed with S.B. and was "doing very well." The record does not reveal the trail court's decision to appoint S.B. possessory conservator was arbitrary or unreasonable. *See In re J.A.J.*, 243 S.W.3d at 616. To the extent appellant was

prevented from contesting S.B.'s fitness to be a possessory conservator, the record shows appellant hung up the phone and voluntarily absented himself from the hearing on the conservatorship issue. We overrule appellant's eleventh issue.

In his twelfth issue, appellant argues "The trial court's ex parte and private communication in the underlying suit is reversible error and undermined the Judge's impartiality and the fundamental fairness of the proceedings conducted by the Judge."

On February 15, 2012, the trial court conducted a hearing at which appellant appeared by telephone. Appellant stated his "greatest concern" was Glenn, a sex offender who beat Mother. The trial court stated I.L.S. would be interviewed to make sure she was "in good hands and safe." Appellant's phone call was disconnected. The trial court told Mother she would have to "work with Family Court Services a little bit." Mother asked if I.L.S.'s name was going to be changed, and the trial court answered appellant's request for a name change would be heard.

On June 1, 2012, the trial court conducted a hearing, and appellant again appeared by telephone. Appellant again complained of I.L.S. having contact with Glenn. The trial court stated I.L.S. would be interviewed at Family Court Services to determine if there were any "safety concerns." The trial court denied appellant's request to change I.L.S.'s name and stated parenting classes for Mother would wait until a report came back from Family Court Services. The trial court then terminated the phone call with appellant. The trial court instructed mother to go to Family Court Services and informed her I.L.S. would be interviewed.

The record of the September 26, 2012 hearing shows the trial court called the Texas Department of Corrections and attempted unsuccessfully to speak to appellant. However, stating the hearing was a "review hearing," the trial court proceeded to take the testimony of CPS investigator Brian Barns and Mother. Barns testified I.L.S. was placed with S.B. and was "doing well." Barns testified it was not in the child's best interest to be returned to the care of a parent

at that time.  Barnes testified the Department had filed petitions seeking the termination of Mother's and appellant's parental rights on August 16, 2012.  The trial court took judicial notice of the petitions and the attached affidavits, including Barnes' affidavit in which he stated there was ongoing domestic violence in the home between Glenn and Mother, and Glenn was a registered sex offender.  Barnes affidavit stated S.B. called him on July 28, 2012 and told him Mother was jailed July 7, 2012 for assault with a deadly weapon (vehicle), and S.B. took I.L.S. into her home.  Barnes affidavit stated a home study was completed, and the Department requested that I.L.S. remain in S.B.'s physical custody.  Mother testified she understood the services she was being asked to work by CPS and understood her access to the child would be supervised.  The trial court also appointed attorneys to represent Mother and appellant.  At the April 9, 2013 hearing, appellant hung up the phone and was therefore not present for some of the hearing.

To reverse a judgment on the ground of judicial misconduct, we must find judicial impropriety, i.e., error, coupled with probable prejudice to the complaining party.  *Erskine v. Baker*, 22 S.W.3d 537, 539 (Tex. App.—El Paso 2000, pet. denied).  Ex parte communications are those that involve fewer than all of the parties who are legally entitled to be present during the discussion of any matter.  *Id.*  They are barred in order to ensure that every person who is legally interested in a proceeding is given the full right to be heard according to law.  *Id.*

Here, the complained-of communications took place without appellant being present, in part, because appellant hung up the phone.  The other communications occurring in appellant's absence concerned matters raised with appellant present and did not involve any rulings or determinations.  A record was made of all communications with the trial court and provided to appellant.  Assuming for the sake of argument the complained-of communications were

–11–

improper, we cannot conclude there was any probable prejudice to appellant. *See id.* We overrule appellant's twelfth issue.

In his thirteenth issue, appellant argues "The processing, review, and disposition of the Appellant's motion to recuse was an abuse of discretion and constitutes reversible error." Appellant first complains his motion to recuse was filed February 18, 2013, and "the very next day" on February 19, the trial court signed an order setting a hearing on April 9, 2013. Appellant argues the February 19 order and all subsequent orders are void. In making this argument, appellant relies on rule of civil procedure 18a, which provides the respondent judge must take no further action once a motion to recuse is filed until the motion has been decided. Tex. R. Civ. P. 18a((f)(2)(A). However, the filing of a motion to recuse does not prevent the judge from performing purely administrative functions. *In re McKee*, 248 S.W.3d 164, 165 & n.1 (Tex. 2007). Thus, the motion to recuse did not prevent the trial judge from setting a hearing. *See id.*

Appellant complains the phrase "lookout now" handwritten on the cover letter attached to his motion to recuse is a "warning" and "a significant indicator of how [the trial judge] is perceived publicly by those persons who work closest to the bench she rules from." There is no evidence in the record of who wrote "lookout now" on the cover letter, what the notation is intended to mean, or when it was written. Appellant cites nothing to support his characterization of the notation, and we therefore decline to read the notation as he suggests.

Finally, appellant appears to argue the Regional Presiding Judge improperly denied the motion to recuse without immediately setting the motion for a hearing, timely providing appellant with notice of the hearing, and entering an order for appellant to appear by telephone at the hearing. The requirement of an evidentiary hearing on a motion to recuse is not triggered unless the recusal motion states valid grounds for disqualification. *Hudson v. Tex. Children's Hosp.*, 177 S.W.3d 232, 238 (Tex. App.—Houston [1st Dist.] 2005, no pet.). On March 11,

2013, the Regional Presiding Judge determined appellant's motion to recuse was based on legal rulings, conclusions, and alleged facts that were facially insufficient to merit a hearing or recusal. Appellant was not entitled to a hearing under these circumstances. We overrule appellant's thirteenth issue.

In his fourteenth issue, appellant argues "The trial court reversibly erred by failing and refusing to make rulings on the Appellant's objections. In turn Appellant was deprived of due process, due course of law, equal access to open courts, equal protection, and the right to petition for redress." In his fifteenth issue, appellant argues the proceedings conducted by the trial court were "fundamentally unfair and violative of all the legal principles on the matter of 'heightened due process protection' and the right to be heard." In both issues, appellant makes bare assertions of error not supported by citation to relevant authorities and the record, and we conclude neither issue presents anything for our review. *See Washington*, 362 S.W.3d at 854-55. We overrule appellant's fourteenth and fifteenth issues.

In his sixteenth issue, appellant argues "The public policy and interests as declared under Tex. Fam. Code § 151.001(a)(1) § 153.001(a)1,(2),(3) and § 153.251(b) is adversely and directly affected by the trial court's arbitrary denial of Appellant's motion for electronic communication with his daughter. This abuse of discretion caused violations of Appellant's due process and equal protection rights." Appellant appears to argue the trial court's denial of court-ordered email communication with seven-year-old I.L.S. constitutes an action "that breaks the ties between a parent and a child." We note appellant's parental rights have not been terminated, and a major factor preventing his contact with I.L.S. is his incarceration. Under these circumstances, we cannot conclude the trial court abused its discretion in denying appellant's motion for electronic communication. *See Thompson v. Thompson*, 827 S.W.2d 563, 566 (Tex. App.—Corpus Christi 1992, writ denied). We overrule appellant's sixteenth issue.

In his seventeenth issue, appellant argues "The April 09, 2013, bench trial, because of the lack of proper and timely notice to 'Appear' constitutes a trial by ambush; in direct contravention of the U.S. Supreme Court's heightened due process protection mandated in parental right termination cases." The family code provides that notice of a permanency hearing shall be given as provided by rule 21a of the rules of civil procedure. TEX. FAM. CODE ANN. § 263.301 (West 2014). At the April 9, 2013 hearing, the trial judge stated she had the certified letter sent to appellant to notify him of the hearing. Thus, appellant received the notice required under the family code. We overrule appellant's seventeenth issue.

In his eighteenth issue, appellant argues "The trial court abused its discretion, and deprived Appellant of due process, due course of law and equal protection by ordering Appellant to pay the court costs in the underlying litigation." The court may award costs in a suit or motion in a suit affecting the parent-child relationship. TEX. FAM. CODE ANN. § 106.001 (West 2014). The award of costs is discretionary with the trial court under the Texas Family Code. *In re R.M.H.*, 843 S.W.2d 740, 742 (Tex. App.—Corpus Christi 1992, no writ). Appellant has failed to show the trial court abused its discretion in awarding costs. *See id.* We overrule appellant's eighteenth issue.

We affirm the trial court's judgment.


130958F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

–14–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LAKEITH AMIR-SHARIF, Appellant

No. 05-13-00958-CV      V.

TEXAS DEPARTMENT OF FAMILY &
PROTECTIVE SERVICES, Appellee

On Appeal from the 255th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-09-7655.
Opinion delivered by Justice Bridges.
Justices Lang and Schenck participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

      It is **ORDERED** that appellee TEXAS DEPARTMENT OF FAMILY & PROTECTIVE
SERVICES recover its costs of this appeal from appellant LAKEITH AMIR-SHARIF.

Judgment entered August 20, 2015.

–15–